SMELKER, Appellant, vs. CAMPBELL and others, Respond-
ents.

SAME, Respondent, vs. SAME, Appellants.

*March 15—April 4, 1917.*

*Courts: Jurisdiction: Iowa county court: Municipal corporations:
Adoption of part of general charter: Defect in procedure, when
cured: Officers: Salaries.*

1. The county court of Iowa county had jurisdiction, under ch. 339,
   Laws 1915, of a taxpayer's action whose primary purpose was
   to recover on behalf of a city sums alleged to have been unlaw-
   fully paid as salaries, although an injunction against future pay-
   ments was also prayed for. [Whether that court had power to
   grant such injunctional relief, is not determined.]
2. Although a city ordinance adopting certain provisions of the gen-
   eral charter law was not passed by a three-fourths vote of all
   the councilmen, as required by sec. 926, Stats., yet, the city and
   its officers having thereafter acted in good faith under said pro-
   visions, and no action calling in question the validity of the or-
   dinance having been brought within the three months limited
   by sec. 926a, the defect in procedure was cured.
3. Subch. V, ch. 40a, Stats. (secs. 925—22 to 925—36), covering many
   different though nearly related subjects, is not to be considered
   as a complete scheme which must be adopted by a city in its en-
   tirety. Thus, an ordinance adopting all of the subchapter ex-
   cept secs. 925—25 and 925—28, relating to the methods of elect-
   ing city officers and the time of the commencement of their
   terms, was not invalid because of such exception—those matters
   being fully provided for in the special charter of the city in a
   way not inconsistent with the sections adopted.

APPEALS from a judgment of the county court of Iowa
county: ALDRO JENKS, Judge. *Reversed.*

This is a taxpayer's action brought by the plaintiff on be-
half of the city of *Dodgeville* to recover from the mayor and
members of the common council of the city the amounts paid
to them respectively as salaries during the years 1914 and
1915, also to enjoin all such payments in the future, on the
ground that they were not authorized by law.

The action was brought in the county court of Iowa county and was tried by the court. It appeared that the city of *Dodgeville* was originally organized under a special charter (ch. 216, Laws 1889). This charter contained a provision forbidding the payment of salaries to the mayor and councilmen. The city council was composed of ten members. At a meeting of the council held in May, 1906, the council in form passed an ordinance in terms adopting certain provisions of the general city charter law, viz. secs. 925—23 to 925—36 of the Statutes of 1898, excepting secs. 925—25 and 925—28. One of the sections so adopted authorized the fixing and payment of salaries to all city officers and employees. The proposed ordinance was published for three weeks prior to its passage, as required by the statute, but the meeting at which it was attempted to be passed was attended by seven councilmen only, while the statute (sec. 926, Stats.) makes a three-fourths vote of all the members of the council-elect an essential to the passage of such an ordinance. Thereafter the city and its officers acted under its provisions in good faith, believing them to have been legally adopted. In February, 1913, the council passed an ordinance providing that the mayor of the city should receive a salary of $50 a year and that the members of the council should receive as compensation for their services $2 for each meeting attended. This last named ordinance was within the power of the council if the sections from the general charter attempted to be adopted by the ordinance of 1906 had in fact become part of the charter of the city, otherwise not. The sums sued for in this action were received by the defendants in good faith believing themselves justly and legally entitled thereto.

The trial court found that the provisions of the general city charter aforesaid were never legally adopted by the city by reason of the omission of secs. 925—25 and 925—28 therefrom; that the provisions of the ordinance of 1913 pro-

viding for salaries were invalid because in conflict with the
city charter; that the salaries complained of were illegally
paid, but under the circumstances no decree should be en-
tered for their repayment, but that a permanent injunction
against the payment of such salaries in the future should be
rendered, and that plaintiff should recover costs.   Judgment
in accordance with this finding having been entered, both
parties appealed.

For the plaintiff there were briefs by *Blaine & Kemp* of
Boscobel and *J. P. Smelker* of Dodgeville *in pro. per.,* and
oral argument by *Mr. H. E. G. Kemp* and *Mr. Smelker.*

*James D. McGeever* of Dodgeville and *Platt Whitman* of
Highland, for the defendants.

Winslow, C. J.    Upon the defendants' appeal it is urged
that the county court had no jurisdiction of the subject mat-
ter of this action.   The statute conferring civil jurisdiction
on this court is ch. 339, Laws 1915, and the particular sec-
tion in question will be found printed in the case of *State
ex rel. Owen v. Reisen,* 164 Wis. 123, 159 N. W. 747, where
it was held that its jurisdiction did not extend to an action
in equity to enjoin a public nuisance.   Under this ruling it
may well be that, if this action had been brought simply to
enjoin the city from paying any salaries in the future, it
would not be within the jurisdiction granted to the county
court.   The primary object of the action, however, as shown
by the demand for judgment, was to recover on behalf of the
city the sums already paid out, and enforce their repayment
to the city.   An action brought for this purpose is certainly
included within the words "all civil actions . . . in law and
in equity . . . for all claims, demands and sums . . . not
exceeding the sum or value of twenty-five thousand dollars."
The county court having jurisdiction to determine this claim,
it becomes unnecessary to determine whether it had power to
grant injunctional relief or not.

Upon the merits of the case we think the judgment must be reversed. It is clear that all mere defects of procedure in the passage of the ordinance have been cured by sec. 926*a*, Stats., providing in effect that any such question may be tested by *certiorari* action brought within three months after the adoption of the ordinance, but not thereafter. This seems also to have been the conclusion of the trial judge, but he concluded further that the council, by leaving out two sections, had failed to adopt an entire plan covering a given subject, but only an incomplete fragment, and hence that the attempt had failed. *Adams v. Beloit,* 105 Wis. 363, 81 N. W. 869; *State ex rel. Boycott v. Mayor, etc.* 107 Wis. 654, 84 N. W. 242. In this we think the trial court was in error. Secs. 925—22 to 925—36 of the general charter law form subch. V of the general charter law (ch. 40*a*, Stats. 1915). The sections cover many subjects, such as the number and names of city officers, the manner of their election, their term of office, the eligibility of citizens to office, the fixing of salaries, filling of vacancies, term of office, removal from office, and other provisions. The subchapter cannot be logically considered as a complete scheme from which nothing can be taken without destroying the legislative purpose; it is rather a chapter containing sections covering many different though nearly related subjects. The two sections which were omitted by the ordinance of adoption were sections relating to the methods of electing city officers and the time of the commencement of their terms of office. These subjects were both fully provided for in somewhat different ways by the special charter of the city. There is no inconsistency between the provisions of the special charter covering these subjects and the provisions of the general charter which were adopted by the ordinance. They can stand together harmoniously and without hiatus. Under these circumstances the rule of the cases cited above has no application. The city had power to adopt the sections which it attempted to

adopt, and they are now a part of the charter, superseding such parts of the special charter as are in conflict with them.

These considerations dispose of the case and obviate the consideration of any further questions.

*By the Court.*—Judgment reversed on both appeals, and action remanded with directions to dismiss the complaint on the merits. Defendants to tax one bill of costs.