Tendrup, Plaintiff in error, vs. The State, Defendant in error.

*May 7—June 20, 1927.*

*Homicide: Criminal law: Denial of continuance: Insanity as defense: Physicians as experts: Opinion evidence: Instructions: Request of jury for leniency: Effect on verdict.*

1. A motion for a continuance is addressed to the discretion of the trial court, but unless a denial of the motion results in a denial of a fair and impartial trial it is not ground for reversal of a verdict. p. 484.

2. While it is desirable that a defendant in a murder case have the services of an attorney of his choice, the denial of a motion for continuance because of the illness of his attorney was not reversible error where it appeared that defendant employed other counsel and the case was tried two weeks thereafter, and denial of a fair and impartial trial did not appear. p. 484.

3. Where a defendant accused of murder raises the defense of insanity, physicians are qualified as experts to give their opinion as to his sanity at the time of the killing, based on the testimony of the defendant given in court. p. 485.

4. Such opinion may be based either on a given state of facts in a hypothetical question or upon uncontradicted testimony which the physician has heard. p. 485.

5. The opinion of an expert on an ultimate fact to be determined by the jury is admissible in evidence under proper questions. p. 485.

6. In a prosecution for murder in the first degree, whether or not defendant was insane at the time of the killing was a question for the jury. p. 485.

7. The fact that a jury returning a verdict of murder in the first degree presented to the court with their verdict a separate paper requesting that the defendant be given a sentence less than a life term, does not make the reception of the verdict erroneous on the ground that the request indicated that the jurors, or some of them, had reasonable doubts of defendant's guilt as found by the verdict. pp. 485, 486.

8. An instruction that it was the duty of the jury to scrutinize the evidence with the utmost care and caution, to bring to that duty the reason and prudence which they would exercise in the most important affairs of life, and all the judgment, caution, and discrimination they possessed, and then, unless satis-

fied of defendant's guilt beyond a reasonable doubt, to acquit, "for while a juror has a reasonable doubt of the guilt of the defendant in a criminal case he cannot, without great violence to his conscience and sense of right, agree upon a verdict of conviction," is not error because of the quoted portion, as authorizing a conviction notwithstanding a reasonable doubt. p. 487.

ERROR to review a judgment and sentence of the circuit court for Polk county: W. R. FOLEY, Circuit Judge. *Affirmed.*

The plaintiff in error, hereafter referred to as the defendant, sued out a writ of error to review the proceedings resulting in his conviction of murder in the first degree, and sentence to life imprisonment in the state prison at Waupun.

*W. T. Doar* of New Richmond, for the plaintiff in error.

For the defendant in error there was a brief by *Howard D. Blanding,* district attorney of Polk county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Blanding* and *Mr. Messerschmidt.*

CROWNHART, J.   The facts, briefly stated, are that defendant, a young man of Polk county, with a high school education, then married, became infatuated with a young lady school teacher.   The couple cohabited and the young woman became pregnant as a result.   While in that condition her love for defendant seemed to cool and defendant feared that she was becoming enamored of another young man in the neighborhood.   The defendant, learning that the young woman was attending a social affair at the home of a neighbor, went to the place, sought out the woman, and had a conversation with her which confirmed his fears.   He left the social in his automobile and went to the home of his parents, some miles distant.   There he procured a magazine rifle, loaded it with several cartridges, and then returned to the social.   He again sought the young woman, found her,

and tried to persuade her to accompany him.   Upon her re-
fusal he took the rifle from the automobile and fired several
shots into her body, resulting in her immediate death.   He
then turned the gun on himself and inflicted a dangerous
wound.   He then placed the body of his victim in the auto
and drove some distance, when he became faint and stopped.
He was apprehended and arrested.   He told an officer that he
had contemplated killing the woman by chloroform and him-
self committing suicide in the same way.   To another officer
he said he loved the young woman and was determined that
no one else should have her.

Counsel for defendant contends that the court erred in
not granting defendant a continuance of his case on the
ground of illness of his attorney.   Defendant had employed
Mr. Doar to represent him.   Mr. Doar was unable, because
of illness, to go on with the case when it was called, and
affidavits were presented to show the fact on motion for a
continuance.   The court denied the motion, and defendant
employed Mr. Spencer Haven, an able and reputable attor-
ney, who represented him at the trial.   Mr. Forsythe, a law-
yer employed by Mr. Doar, also appeared for the defense.
It did not appear that such counsel were unable to properly
prepare the cause for trial; that they were unable to secure
any desired witness, nor that defendant was denied a fair
and impartial trial by reason of the denial of a continuance.
The case was called November 2d; the motion was made
and denied on that day, and then the case was set for trial
on November 16th.

While it is desirable that the defendant, in a capital case,
have the services of an attorney of his choice, a motion for
continuance is addressed to the discretion of the trial court,
and unless a denial of the motion results in a denial of a
fair and impartial trial, such denial will not be grounds for
reversal of the verdict of the jury.   *Till v. State,* 172 Wis.
266, 177 N. W. 589; *Mainville v. State,* 173 Wis. 12,

179 N. W. 764. We discover no reversible error in such denial of the motion for continuance.

The defense contended that the defendant was insane at the time of the act. It is claimed that the court erred in admitting the testimony of two physicians as experts. The doctors had listened to practically all the testimony of the defendant and that which they had not heard was read to them. The doctors were asked whether, in their opinion, the defendant was sane òr insane at the time of the killing, basing their answers on such testimony. The court carefully confined the witnesses to an expression of opinion based on such testimony of the defendant, and it was so given. Defense claims that the testimony of such witnesses usurped the functions of the jury. That physicians are qualified as experts to give testimony in such cases is generally recognized in the law. 22 Corp. Jur. p. 543, § 640, p. 661, § 758; 11 Ruling Case Law, p. 600, § 27. That a physician may base his opinion on a given state of facts in a hypothetical question, or upon uncontradicted testimony which he has heard, has been held by this court. *Cornell v. State,* 104 Wis. 527, 80 N. W. 745; *Duthey v. State,* 131 Wis. 178, 188, 111 N. W. 222. The opinion of an expert upon an ultimate fact to be determined by the jury is admissible in evidence under proper questions. *Daly v. Milwaukee,* 103 Wis. 588, 79 N. W. 752. We see no error in the court's ruling in this regard.

Counsel contends that the evidence of insanity was such as to preclude the jury from finding defendant sane beyond a reasonable doubt. We think the question of defendant's sanity was clearly a jury question under the evidence presented, and it is unnecessary to further discuss the evidence on that issue.

It is contended that the court erred in receiving a verdict of murder in the first degree. The jury, on a separate paper, presented to the court with their verdict a request that de-

fendant be given a sentence less than life. It is argued by counsel for the defense that such request indicates that the jurors or some of them had reasonable doubts of the defendant's guilt as found in the verdict. Under some circumstances there might be force to the argument. Here, however, the evidence is not in substantial dispute. Giving the defendant the benefit of every doubt, and basing the verdict on his own testimony at the trial, the verdict of the jury is fully sustained. No other verdict could well have been found under the evidence. The premeditated intent to kill, when defendant drove to his home and got the gun, can hardly be doubted. Assuming defendant's sanity, the shooting of his victim was clearly intentional and inexcusable.

Counsel contends that the evidence is not sufficient to prove beyond a reasonable doubt that defendant was guilty of first-degree murder. Sufficient has been said to indicate that the evidence presented a jury question on that charge. We have given the evidence careful consideration and can find no reason to doubt the sufficiency thereof to sustain the verdict.

The trial court instructed the jury as follows:

"It is your duty to scrutinize the evidence with the utmost care and caution; bring to that duty the reason and prudence which you would exercise in the most important affairs of life; in fact, all the judgment, caution, and discrimination that you possess, and then, unless you can say from that standpoint that you are satisfied of defendant's guilt beyond a reasonable doubt, you should acquit him, for while a juror has a reasonable doubt of the guilt of the defendant in a criminal case, he cannot, without great violence to his conscience and sense of right, agree upon a verdict of conviction."

Exception is taken to the last part thereof, to wit:

"For while a juror has a reasonable doubt of the guilt of the defendant in a criminal case, he cannot, without great

violence to his conscience and sense of right, agree upon a verdict of conviction."

Counsel argues that the part excepted to subtracts from the rest of the charge, which is admittedly correct, and leaves the jurors to infer that they may find defendant guilty even though they have a reasonable doubt, if they are willing to do violence to their conscience and sense of right. Such a construction of the language seems rather hypercritical. This court is impressed with the thought that the language complained of is well calculated to impress a jury with their obligation not to yield so long as they or any of them have a reasonable doubt of defendant's guilt. It cautions the jurors to abide by their conscience and sense of right under the law. The jury already had been told that they could not convict unless they should find guilt beyond a reasonable doubt, and the court added a reason to the abstract principle which the jury could understand and appreciate. We think that portion of the charge was favorable to defendant.

This is a case where capital punishment has been imposed on a young man, and we have given it our serious consideration, to the end that such punishment comports with all the sanctions of the law intended to protect the innocent from unjust oppression. It is our deliberate judgment that defendant had a fair and impartial trial, and he must abide by the verdict of a jury of his peers and the sentence entered thereon.

*By the Court.*—The judgment and sentence of the circuit court are affirmed.