STATE EX REL. HAMMER and wife, Appellants, vs. WIL-LIAMS, County Judge, and another, Respondents.

*November 7—December 6, 1932.*

The cause was submitted for the appellants on the brief of *W. K. Parkinson* of Phillips, and for the respondents on that of *J. W. Carow* of Ladysmith.

OWEN, J. On the 8th day of October, 1929, Emma M. Ellingson, plaintiff, commenced an action against P. H. Hammer and Isabelle Hammer, his wife, in the county court of Rusk county to foreclose a certain mortgage on real estate lying and being in the county of Price, in this state. On that day the summons and complaint in foreclosure were served on the defendants named therein, the petitioners here. The defendants, petitioners here, made no appearance in that action. On the 3d day of December, 1929, an affidavit of no answer was filed with the court and a judgment in foreclosure pursuant to the complaint was rendered.

The county court of Rusk county had no jurisdiction of an action to foreclose a mortgage on property lying in Price county, nor to render judgment therein under the provisions of secs. 261.01 and 261.02, Stats., which provide that an action to foreclose a mortgage shall be commenced only in the county in which the property or some part thereof is

situated, and as to such actions no other court shall have jurisdiction thereof unless commenced in a proper county. This provision was incorporated into our law by ch. 494, Laws of 1929, published on September 14th of that year. It is to be assumed that neither the court nor the attorneys for the plaintiffs knew of this statutory provision when the judgment of foreclosure was entered on December 3, 1929. On December 24th the court amended the judgment of foreclosure by according to the plaintiffs a judgment for the sum of $2,857.48, damages, together with $37.11 for costs and disbursements, amounting in the aggregate to the sum of $2,894.59, this, apparently, being the amount due on the notes secured by the mortgage. The writ of *certiorari* was obtained with a view of attacking the latter judgment as being without the jurisdiction of the court and absolutely void. The contention is that as the county court had no jurisdiction of the action to foreclose the mortgage on lands lying in Price county, it had no jurisdiction to render judgment for the amount of the indebtedness which that mortgage was given to secure.

It is perfectly plain that the foreclosure judgment was without jurisdiction and void. The court evidently discovered this, and substituted another judgment for the recovery of damages merely. It is plain that the rendition of the latter judgment was just as irregular, under the provisions of sec. 270.57, which provides that "the relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint."

In *Good v. Schiltz,* 195 Wis. 481, 218 N. W. 727, in discussing this statutory provision, the following language from *Northern Trust Co. v. Albert Lea College,* 68 Minn. 112, 71 N. W. 9, was quoted approvingly:

"The reason and fairness of this statutory rule, which is practically the old equity rule, is obvious. The defendant by his default submits, without contest on his part, to the court,

only the claim of the plaintiff for the relief prayed in the complaint. But if a different or greater relief were demanded, he might appear and contest it as unjust; hence the statute wisely limits the power of the court in awarding judgment by default to that asked for in the complaint, to the end that defendant may safely omit to appear in cases where he is willing to submit to the court, without contest, the claim of the plaintiff to the specific relief invoked in his complaint."

It is the contention of the petitioners that the judgment attacked is utterly void as without the power of the court to render because of the statutory provision limiting the relief which may be awarded the plaintiff to the relief prayed for in the complaint where no answer has been interposed. The lower court held that while the judgment was irregular because not in conformity with the prayer for relief, it was not beyond the power of the court to render, and was not void in the sense that it could be set aside in a *certiorari* proceeding, or that it was subject to collateral attack. Whether the judgment may be collaterally attacked in a proceeding such as this, is the question here presented.

It is well settled that the term "jurisdiction" has a dual significance. "In one sense a lack of jurisdiction means a lack of judicial power to act at all in a given situation or with reference to a certain subject matter. To act under such circumstances is usurpation. It is also used to denote want of jurisdiction of the subject matter of the action in a particular instance where prescribed conditions precedent to the exercise of judicial power have not been complied with—where the power to deal with the subject generally exists, but where under the particular circumstances jurisdiction to act in the specific instance has not been acquired. In the latter case action is erroneous but not void." *Seyfert v. Seyfert,* 201 Wis. 223, 229 N. W. 636.

The county court had no jurisdiction over the foreclosure proceeding. With reference to that subject matter it had

no power to act at all. However, it did have personal jurisdiction over the parties and it did have jurisdiction to render judgments for damages upon promissory notes. It therefore was completely within the jurisdiction of the court to render a judgment against the defendants in that action for the amount due the plaintiffs from the defendants upon the promissory notes. That it should not have done so is obvious, but the reason why it should not have rendered such a judgment was not because it did not have jurisdiction of the subject matter of its latter judgment, but because "prescribed conditions precedent to the exercise of judicial power" had not been complied with. If the original complaint had simply called for money damages, the court would have had jurisdiction to render the judgment assailed. If the defendants had appeared in the action, the court could have awarded the plaintiffs the remedy which the judgment assailed gave them. Probably an amended complaint served upon the defendants would have conferred upon the court unquestioned authority to render the judgment awarded.

These considerations indicate that the court was not without power or jurisdiction under any circumstances to render the judgment which is now the subject of attack. It did have such power, but "prescribed conditions precedent to the exercise of such power had not been complied with." In other words, as said in *Beck v. State,* 196 Wis. 242, 219 N. W. 197, "the court had power to err." If this were a direct attack by way of appeal from the judgment, the judgment would have to be reversed, because it was the result of error. It is apparent, however, that the court had jurisdiction to render the judgment, and it cannot be declared void upon collateral attack.

This conclusion rests upon very much the same considerations which prompted the court to hold in *In re Carlson,* 176 Wis. 538, 186 N. W. 722, that a life sentence imposed upon a plea of guilty to an information charging an offense

less than first-degree murder could not be assailed by collateral attack as being beyond the jurisdiction of the court to impose, although if brought to the attention of this court by direct appeal the sentence would have to be set aside. The court was clothed with jurisdiction to determine whether the information did charge first-degree murder, and a sentence imposed by reason of an erroneous construction of the information did not render the judgment void as beyond the jurisdiction of the court to impose.

Appellants rely upon *Two Rivers Mfg. Co. v. Beyer,* 74 Wis. 210, 42 N. W. 232, which held that the court had no jurisdiction to render a judgment for costs in an action to foreclose a tax certificate where the plaintiff in such foreclosure action accepted the money paid to redeem the land. The doctrine of that case was to the effect that the acceptance of the money paid to redeem the land left no cause of action to foreclose the tax certificate, and that, as the cause of action was wiped out, there could be no judgment for costs, because costs is a mere incident of a judgment rendered upon a substantive cause of action. While it was emphasized in that case that the judgment for costs was beyond the jurisdiction of the court and was the subject of collateral attack, the reasoning of the opinion would go to the extent of saying that a court had no jurisdiction of an alleged cause of action,—that in order to give the court jurisdiction there must be an actual cause of action. We have examined many of the cases referred to in that opinion, and they all arose upon a direct appeal from the judgment. The doctrine of that case does not commend itself to our favorable consideration, and we are not disposed to extend it beyond the facts of that case.

*By the Court.*—Judgment affirmed.