Kushman, Sheriff, Plaintiff in error, vs. State ex rel. Panzer, Defendant in error.

*February 13—March 10, 1942.*

For the plaintiff in error there were briefs by the *Attorney General, William A. Platz,* assistant attorney general, and *George A. Richards,* district attorney of Oneida county, and oral argument by *Mr. Platz.*

For the defendant' in error there was a brief by *O'Melia & Kaye,* attorneys, and *John F. O'Melia* of counsel, all of Rhinelander, and oral argument by *John F. O'Melia.*

MARTIN, J.   The defendant has made and argued several alternative motions in this court to the following effect: (1) That the writ of error be quashed or dismissed because the court lacks jurisdiction; (a) because no notice of writ nor any citation or process was given, and plaintiff in error has no right to writ of error; (b) if the foregoing be denied, then, because the trial court complaint stated no offense; (2) that the writ be dismissed because no bond was given; (3) in the event that the foregoing motions are each successively denied, then, that the writ be dismissed because no printed case has been filed or served; (4) in the event that motions (1) and (2) aforesaid are severally denied, that the record returned be supplemented by including therein the entire proceedings on the offense charged, including the record in the criminal action.

As to point (a) of defendant's first motion, it appears to have been definitely settled by this court in *Rolke v. State* (1860), 12 Wis. *570, *571, wherein the court said:

"In this state, we believe, the practice has been to file the original writ with the clerk of the court in which the judgment was rendered, who makes return thereto of the proper transcript and record.   And when such return of the clerk,

with the writ, is filed in this court, we have jurisdiction of the cause, and can proceed to judgment."

In the instant proceedings defendant was notified that the writ had been obtained from this court on the 8th day of November, 1941; that same was then on file with the clerk of the circuit court for Oneida county. Thereafter he was served with the brief of the plaintiff in error which contained a statement of the error relied on; he also received a copy of the court calendar for the term at which the writ was made returnable, and finally the assignment card showing the date on which the case would be heard. The defendant has made a general appearance in this court in response to the writ. As to point (b), the complaint specifically charged defendant with a violation of sec. 85.40 (1), Stats. Defendant entered a plea of not guilty, demanded a jury trial, and the trial proceeded without any challenge as to the sufficiency of the complaint. If it was insufficient for any reason it should have been challenged before proceeding with the trial. Sec. 355.09, so far as here applicable, provides:

"Any objection to a prosecution or the sufficiency of an indictment or information that may be raised by motion to quash, demurrer, plea in abatement, or special plea in bar, shall be so raised before a jury is impaneled or testimony taken, and unless so raised, shall be deemed waived."

By sec. 360.04, Stats., the provisions of sec. 355.09 are made applicable to complaints and trials in criminal cases before justices of the peace. Trials and procedure in the lower branch of the Oneida county court are the same as in the justice courts. In any event, the defendant's petition for the writ of *habeas corpus* does not allege as a ground of illegality of the imprisonment that the complaint was insufficient. Defendant's first motion is denied.

The second motion, that the writ be dismissed because no bond was given is without merit. The state being the real party in interest in a *habeas corpus* proceeding growing out

of a criminal prosecution, no undertaking need be given. Sec. 274.26, Stats.; *State ex rel. Isenring v. Polacheck,* 101 Wis. 427, 430, 77 N. W. 708; *Drewniak v. State ex rel. Jacquest,* 239 Wis. 475, 1 N. W. (2d) 899. This motion is denied.

The third motion to dismiss the writ because no printed case was served or filed is also without merit. Since the record comes to this court on the record as made by the defendant on the *habeas corpus* proceedings in the circuit court, raising only questions of law, we fail to see any occasion for preparing and serving a printed case; particularly where the brief of the plaintiff in error contains all of the record on the *habeas corpus* proceedings in the circuit court and fully covers all legal questions raised. This motion is denied.

Defendant's fourth and last motion is that the record returned in response to the writ issued out of this court be supplemented by including therein the entire proceedings in the criminal action in the lower branch of the county court. The writ of error was directed to the judge of the circuit court for Oneida county. The return to the writ brought to this court all of the record presented to the circuit court by defendant in the *habeas corpus* proceedings. We can only consider the record upon which the circuit judge made his decision. This motion is denied.

Now passing to the merits of the case, we hold that the jury's recommendation for leniency does not impair the verdict. The verdict was complete, agreed to by all members of the jury, and was signed by the foreman. The gratuitous recommendation for leniency penciled on a separate sheet of paper, not signed by the members of the jury or by the foreman, does not vitiate the verdict. *O'Neil v. State,* 237 Wis. 391, 404, 296 N. W. 96, and cases cited. The question of whether errors were committed within or during the exercise of the court's (county court) jurisdiction cannot be raised in a *habeas corpus* proceeding, and where it appears on the face of the petition for the writ that the court pronouncing

judgment and sentencing a defendant had jurisdiction of the person and of the subject matter the application will be denied. *In re Elliott,* 200 Wis. 326, 328, 228 N. W. 592; sec. 292.22 (2), Stats.

Sec. 292.02, Stats., so far as here material, provides:

"No person shall be entitled to prosecute such writ [of *habeas corpus*] who shall have been committed or detained by virtue of the final judgment or order of any competent tribunal of civil or criminal jurisdiction or by virtue of any execution issued upon such order or judgment."

Sec. 292.21, Stats., so far as material, provides:

"The court or judge must make a final order to remand the prisoner if it shall appear that he is detained in custody either: . . .

"(2) By virtue of the final judgment or order of any competent court of civil or criminal jurisdiction or of any execution issued upon such judgment or order."

Sec. 292.22 (2), Stats., provides:

"But no court or judge, on the return of such writ, shall inquire into the legality or justice of any judgment, order or execution specified in section 292.21."

Nothing will be investigated on *habeas corpus* except jurisdictional defects amounting to want of any legal authority for the detention or imprisonment. *State ex rel. Morgan v. Fischer,* 238 Wis. 88, 91, 298 N. W. 353. To same effect see *Larson v. State ex rel. Bennett,* 221 Wis. 188, 194, 266 N. W. 170.

The defendant relies principally on the decision of this court in *State v. Wolfrum* (1894), 88 Wis. 481, 60 N. W. 799. That case was before the court upon *appeal.* It is not in point in a *habeas corpus* proceeding.

*By the Court.*—The judgment of the circuit court for Oneida county, which discharged the defendant in error from the custody of the sheriff of Oneida county, is reversed, and the cause remanded with directions to remand the custody of the defendant in error to the sheriff of Oneida county.