Riger, Plaintiff in error, vs. The State, Defendant in error.

*June 5—June 22, 1946.*

*Walter Schinz, Jr.,* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, *William J. McCauley,* district attorney of Milwaukee county, *John S. Barry,* deputy district attorney, and *Harold J. McGrath,* special assistant district attorney, and oral argument by *Mr. Platz* and *Mr. Barry.*

ROSENBERRY, C. J.   We have carefully examined the evidence and fully considered all of the matters urged by counsel for the defendant upon this appeal, and are clearly of the view that from the evidence offered and received upon the trial, the jury might find the defendant guilty as charged.

The facts in this case are of such a character that we feel it would be improper to spread them upon this record for the reason that it would serve no useful purpose.

Certain errors were assigned upon some of which we will briefly comment.   Upon the trial the state sought to offer certain evidence relating to the refusal of the defendant to answer questions put to him by Deputy Police Inspector Goehlen.   The jury was excused and after some colloquy between the court and counsel, the witness was then permitted to testify that certain questions were put to the defendant as to the making of a date with the complaining witness.   The witness testified that the defendant refused to answer the questions. The court admitted the evidence on the authority of *State ex rel. Wojtycski v. Hanley* (1945), 248 Wis. 108, 20 N. W. (2d) 719.   That was a *habeas corpus* proceeding, the question being whether there was sufficient evidence to sustain the examining magistrate in binding the defendant over for trial.

It is considered that the court erred in admitting this evidence objected to.   However, the state of the evidence is such that the admission of this testimony could not have been prejudicial to the defendant.   The questions did not inquire into the guilt or innocence of the defendant but whether he had heard certain statements made by the complaining witness and whether they were true.

It is further contended that the defendant could not be prosecuted under the information on the ground that it was not alleged that the complaining witness had been adjudged previously to be a delinquent child.   It is argued that because the jurisdiction to deal with delinquent minors between the ages of sixteen and eighteen years is vested in the juvenile

court and there was no showing made upon the trial that the complaining witness had been adjudicated a delinquent child by the juvenile court, the jury could not find the complaining witness delinquent. "Delinquent child" is defined by sec. 48.01 (1) (c), Stats., as follows:

"The words 'delinquent child' shall mean any child under the age of eighteen years who has violated any law of the state or any county, city, town or village ordinance; or who by reason of being wayward or habitually disobedient, is uncontrolled by his parent, guardian or custodian; or who is habitually truant from school or home; or who habitually so deports himself as to injure or endanger the morals or health of himself or others. . . ."

Upon the trial the defendant denied the charges in toto and contradicted the complaining witness in all important particulars, so that the question for the jury was the credibility of the witnesses. Both the district judge and the jury in municipal court believed the complaining witness and disbelieved the defendant. Upon the testimony of the complaining witness there can be no question but that she was delinquent within the meaning of the statutory definition; that in any event, the defendant contributed to her delinquency. We find no provision in the statutes which requires that the injured female must have been previously adjudged a delinquent child before a charge can be laid against the defendant under sec. 351.20, Stats., for contributing to her delinquency.

Other questions are raised which we do not consider it necessary to discuss.

*By the Court.*—Judgment affirmed.