GULLICKSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 13—February 7, 1950.*

408

For the plaintiff in error there was a brief by *Cadigan & Cadigan* of Superior, and *Donald L. Farr* of Eau Claire, and oral argument by *Mr. Charles P. Cadigan* and *Mr. Farr*.

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz* and *Mr. Andy Borg,* district attorney of Douglas county.

HUGHES, J. We conclude that the conflict in the testimony of the state's witnesses affects the weight of such testimony only; it does not render it incredible, so that if a jury believes it, it is sufficient to support a conviction.

If a woman in the vigorous years of life had resisted no more than the complaining witness, it would present a serious question of whether she had not submitted before the rape was accomplished. However, the amount of resistance which a woman of eighty-eight is capable of is quite different from the ordinary.

There was nothing in the record to prove that use of drugs would render Mrs. Blythin incompetent as a witness. Her credibility was for the jury.

Because a new trial is necessary for reasons which we will later set out, we deem further discussion of the evidence undesirable.

During the course of the trial the state offered proof by cross-examination of Gullickson that he had been convicted of crime in 1926. On the afternoon of one day about an hour was consumed upon this subject. Investigation then revealed that the records referred to by the prosecutor were of violations of municipal ordinances. The next morning the following occurred:

Prosecutor: "Q. Mr. Gullickson, were you on the 2d day of May, 1940, in the circuit court for Eau Claire county, in the city of Eau Claire, Wisconsin, convicted of a felony? A. It was about that time. I would say 'Yes' to that."

Defense counsel: "At this time I would like to make a motion to strike the question previous to the last one regarding the occurrence back in 1920."

Court: "That answer may be stricken. The jury are to disregard any testimony of any other conviction other than the one in 1940 to which he testified this morning."

This instruction strongly implied that Gullickson had been convicted of other crimes in addition to the one in 1940, but that the jury could consider only the one. It was prejudicial to plaintiff in error.

Testimony was admitted that the accused had remained silent in the sheriff's office in the face of accusations by the complaining witness. She testified that she saw Gullickson at the sheriff's office and asked him if he knew the old woman that had been raped and he never said a word; that she accused him of raping her and he did not answer. The trial court instructed the jury:

"An accusation made in the presence and hearing of one accused of crime, which he, having opportunity to do so, does not deny, and the truth or falsity of which is within his personal knowledge, are admissions of the accused by acquiescence."

Evidence of admissions by silence is to be received with caution and the question of whether under all the conditions and surrounding circumstances a normal person would make denial so that silence can be interpreted as an admission at all, is for the jury. The subject is treated at length in 22 C. J. S., Criminal Law, p. 1258, sec. 734, and 23 C. J. S., Criminal Law, p. 799, sec. 1234; no purpose would be served in restating the law in this opinion. Because of the fact that alleged admissions by silence are to be received and treated cautiously, we are of the opinion that the court invaded the province of the jury and his instruction that Gullickson's silence was an admission was prejudicial error. The best that can be said for silence is that under the proper circumstances the jury may determine it to be an admission.

The court further instructed the jury:

"You must find on the part of the woman not merely a passive policy or an equivocal submission to the defendant, such resistance will not do. You must find that the woman exercised the utmost resistance in her power, and submitted, if at all, with the utmost reluctance to the defendant. Unless you do find beyond a reasonable doubt that the woman did offer the utmost resistance in her power, and submitted to the defendant, your verdict will be 'Not guilty.' "

This construction is contrary to the law. If the victim submits, no matter how reluctantly, the offense does not constitute rape.

Because of these errors, we are satisfied that the plaintiff in error was deprived of a fair trial, and that a new trial must be ordered.

Counsel for plaintiff in error also contend that the prosecuting attorney inflamed the jury by referring in his argument to the Weckler case (where a child disappeared while on the way home from school and is assumed by the press and public to be the victim of a sex maniac). Upon the new trial we recommend that this case be tried upon its own merits without improper reference to extraneous matters.

*By the Court.*—Judgment reversed and cause remanded for a new trial.

BROADFOOT, J., dissents.