GALLOWAY, Plaintiff in error, v. STATE, Defendant in error.*

*October 5—November 1, 1966.*

---

* Motion for rehearing denied, without costs, on January 3, 1967.

"

For the plaintiff in error there was a brief by *Edward D. Cleveland,* attorney, and *Whyte, Hirschboeck, Minahan, Harding & Harland* of counsel, all of Milwaukee, and oral argument by *Mr. Cleveland.*

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

GORDON, J.

### Subject-Matter Jurisdiction of the Court.

Mr. Galloway challenges his conviction on the ground that the circuit court was without subject-matter jurisdiction because the criminal complaint against him was not made before "a magistrate or other person empowered to issue warrants of arrest" under sec. 954.02 (1), Stats. The complaint was sworn to before a deputy clerk of the Milwaukee county court, and such clerk is not one authorized to issue warrants of arrest. Cf. *State ex rel. White v. Simpson* (1965), 28 Wis. (2d) 590, 137 N. W. (2d) 391.

This court has held that a defect in the issuance of a warrant of arrest goes to jurisdiction over the person and that an objection thereto is waived if not raised before pleading to the information. *State ex rel. La Follette v.*

*Moser* (1966), 30 Wis. (2d) 56, 139 N. W. (2d) 632; *State ex rel. La Follette v. Raskin* (1966), 30 Wis. (2d) 39, 139 N. W. (2d) 667. Mr. Galloway entered his plea and went to trial without objecting to the complaint, and in this court he seeks to avoid the onus of the waiver doctrine by contending that the trial court lacked jurisdiction over the subject matter. In our opinion, there is no merit to this contention. Cf. *Wisconsin Collectors Asso. v. Thorp Finance Corp.*, ante, p. 36, 145 N. W. (2d) 33.

As noted above, a defect in the issuance of a warrant of arrest goes to jurisdiction over the person, and it would seem to follow with all the stronger force that a defect in the issuance of a complaint would also go to jurisdiction over the person, as opposed to jurisdiction over the subject matter.

In *Pillsbury v. State* (1966), 31 Wis. (2d) 87, 94, 142 N. W. (2d) 187, this court pointed out that the failure to issue a warrant "did not go to the jurisdiction of the subject matter but at most to the jurisdiction of the person." In that case there was also an alleged irregularity in the complaint. At page 96, the court said that "the insufficiency of the complaint on the charge of perjury was not in any sense jurisdictional." We held that the trial court was empowered to accept a plea of guilty to the amended information and could proceed with the trial even though no formal complaint was filed on the charge of perjury. If the trial court has subject-matter jurisdiction over a criminal case in which there has been no complaint at all, *a fortiori* it has such jurisdiction where the complaint was defectively issued.

Our conclusion is also supported by the ruling in *Kushman v. State ex rel. Panzer* (1942), 240 Wis. 134, 2 N. W. (2d) 862, where the defendant attacked his conviction by *habeas corpus* on the theory that the complaint stated no offense. This court denied the writ and stated, at page 139, that if the complaint "was insufficient for any reason it should have been challenged before proceeding with the trial." In the *Kushman Case*,

this court relied on what is now sec. 955.09 (3), Stats., which asserts that defenses and objections based on defects in the institution of the proceedings are waived if not raised by motion before trial; the section is inapplicable if the defect goes to jurisdiction over the subject matter. *Pillsbury v. State, supra.*

The foregoing references to *Pillsbury, Kushman* and *Wisconsin Collectors Asso.* would seem effectively to dispose of the defendant's challenge to the circuit court's subject-matter jurisdiction. However, in apparent contradiction to this view, there are several cases holding that a justice of the peace acquires no subject-matter jurisdiction where the affidavit necessary to commence the action omits an element required by statute. *South Milwaukee v. Schantzen* (1950), 258 Wis. 41, 44 N. W. (2d) 628; *Detroit Safe Co. v. Kelly* (1890), 78 Wis. 134, 47 N. W. 187; *Steen v. Norton* (1878), 45 Wis. 412.

A distinction must be made between the situation where a court lacks *power* to treat a certain subject matter and the situation where a court may treat the subject generally but there has been a failure to comply with the conditions precedent necessary to acquire jurisdiction. In our opinion, only in the former situation is it correct to say that there is a lack of subject-matter jurisdiction.

Thus, we doubt that it is appropriate to designate the flaw in a justice of the peace proceedings as going to subject-matter jurisdiction merely because the affidavit on file is defective. Possibly, the cases involving justices of the peace are to be distinguished because of the extremely narrow jurisdiction that such courts possess. For example, in *Steen v. Norton*, at page 419, this court said that a justice of the peace had only "special jurisdiction . . . in special cases, under special conditions."

The term "jurisdiction" has sometimes slipped into a penumbral area which may account for the questionable rule previously applied in justice of the peace cases. In *Seyfert v. Seyfert* (1930), 201 Wis. 223, 228, 229 N. W. 636, we stated:

"That the term 'jurisdiction' has a double meaning has been fully elucidated by this court upon prior occasions. *Cline v. Whitaker,* 144 Wis. 439, 129 N. W. 400; *Harrigan v. Gilchrist,* 121 Wis. 127, at p. 223 *et seq.,* 99 N. W. 909. In one sense a lack of jurisdiction means a lack of judicial power to act at all in a given situation or with reference to a certain subject matter. To act under such circumstances is usurpation. It is also used to denote want of jurisdiction of the subject matter of the action in a particular instance where prescribed conditions precedent to the exercise of judicial power have not been complied with—where the power to deal with the subject generally exists, but where under the particular circumstances jurisdiction to act in the specific instance has not been acquired. *In the latter case action is erroneous but not void.*" (Emphasis added.)

See also *State ex rel. Hammer v. Williams* (1932), 209 Wis. 541, 245 N. W. 663. These and other decisions have recognized that a court has jurisdiction over the "subject matter" if it is authorized to hear and determine the primary object of the action. *Smelker v. Campbell* (1917), 165 Wis. 358, 162 N. W. 171; *Will of Rice: Cowie v. Strohmeyer* (1912), 150 Wis. 401, 440–442, 136 N. W. 956, 137 N. W. 778; see generally 1 Callaghan, Wisconsin Pleading and Practice (3d ed.), pp. 37–41, secs. 2.14–2.17.

Whether we overrule or merely isolate the justice of the peace cases is perhaps only of academic interest in view of the result of the referendum earlier this year which eliminated the office of justice of the peace from the Wisconsin constitution. See *Schaefer v. Hayes* (1966), 30 Wis. (2d) 424, 428, 141 N. W. (2d) 210.

The defendant also points to *Damp v. Town of Dane* (1872), 29 Wis. 419, in which a statute provided that upon a petition of 15 qualified residents the county board of supervisors was empowered to lay out a highway. The petition in that case was signed by less than the required number of qualified persons, and the court held that as a result the board of supervisors was devoid of jurisdiction over the subject matter. In our opinion,

the *Damp Case* is inapplicable here where questions of *judicial* power are involved.

### Sufficiency of the Evidence.

Mr. Galloway contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt. If this court finds that the jury, acting reasonably, could have found the defendant guilty, we may not disturb the finding. *Gauthier v. State* (1965), 28 Wis. (2d) 412, 416, 137 N. W. (2d) 101.

In his attack on the sufficiency of the evidence, Mr. Galloway relies on two main arguments. The first is that the testimony of the two arresting officers was so grossly inconsistent that it was not credible. The second is that the record fails to establish that the defendant had an intent to steal or commit a felony, which is a requirement for conviction under sec. 943.10, Stats.

In support of his claim that the testimony of the two police officers cannot be reconciled, the defendant's counsel has painstakingly and almost microscopically compared their testimony. Mr. Justice CARDOZO has said, "It is for ordinary minds, and not for psychoanalysts, that our rules of evidence are framed." *Shepard v. United States* (1933), 290 U. S. 96, 104, 54 Sup. Ct. 22, 78 L. Ed. 196. There are, indeed, divergencies in the officers' testimony, but it cannot be said that the differences were so severe that they rise to the dignity of making their evidence wholly incredible. The flaws in their testimony were probably apparent to the jurors or brought to their attention by Mr. Galloway's trial attorney. The jury, acting reasonably, could have concluded that the inconsistencies were not decisive. This is especially true since both officers positively identified the defendant as the man they saw inside the office.

Does the record contain sufficient proof of a felonious intent to uphold the conviction? In *State v. Kennedy* (1962), 15 Wis. (2d) 600, 113 N. W. (2d) 372, this court

held that a presumption of an intent to steal does not arise solely from the proof of breaking and entering. Subsequently, in *State v. Reynolds* (1965), 28 Wis. (2d) 350, 137 N. W. (2d) 14, this court again rejected the state's contention that an inference to steal arises by a showing that there has been a breaking and entering. Said the court, at page 360:

"The breaking or entering may have been with an intent to commit a felony entirely different from stealing, yet the state would infer an intent to steal. The entry may have been made with the purpose of committing a misdemeanor or for an entirely innocent purpose. We do not think it unreasonable for the legislature to require proof of 'intent to steal or commit a felony' in order to gain a conviction for burglary with the attending maximum ten-year imprisonment."

In our opinion, the conviction in the instant case can be sustained without the slightest withdrawal from our holdings in *State v. Kennedy* and *State v. Reynolds*. The two latter cases involved a public school building, whereas the case at bar involves private premises; one who breaks and enters without consent into a private dwelling or a private office may more readily be found to have a felonious intent than one who breaks and enters into a public building.

In addition, in the case at bar there was testimony by Officer Klein that he observed Mr. Galloway bent over behind a desk as though "attempting to open the desk drawer." There was also testimony that the drawer was pried open, and a search of the defendant produced a pinch bar, the claws of which matched the gouge marks on the desk drawer. Further, there was testimony by the tenant of the office that before the alleged burglary the desk drawer had been locked and did not have gouge marks upon it. In our opinion, this evidence was sufficient to enable the jury to conclude beyond a reasonable doubt that Mr. Galloway possessed the requisite felonious intent.

*Alleged Errors During Trial.*

A new trial is sought because of the claim that certain prejudicial errors were committed during the course of the proceedings. It should be noted that the attorney presenting this appeal on behalf of Mr. Galloway did not appear for him at the trial. It is charged that the trial court erred in compelling Mr. Galloway to go to trial without the presence of three witnesses whose testimony he deemed essential. Mr. Galloway, who had been dissatisfied with the first attorney appointed to represent him, disputed the decision of his second court-appointed attorney regarding the necessity for the three witnesses.

The second such attorney informed the trial court that Mr. Galloway had never given him the names or addresses of the three witnesses and also that such witnesses were not necessary. Under these circumstances, we believe that the court's denial of a continuance was a proper exercise of its discretion. *State v. Whitney* (1945), 247 Wis. 112, 18 N. W. (2d) 705; *Tendrup v. State* (1927), 193 Wis. 482, 214 N. W. 356.

A new trial also is sought because the prosecuting attorney implied that Mr. Galloway may have been involved with narcotics. When Officer Klein was being examined at the trial by Mr. Galloway's attorney, he was asked what the officer had removed from the defendant's person. The officer responded that he took certain personal effects, such as a letter and some money, whereupon defense counsel asked, "He had nothing of any contraband that you could see, did he?" At this point, the assistant district attorney interjected, "The State will stipulate he had no narcotics or anything of that nature on him."

We are of the opinion that the assistant district attorney's gratuitous reference to narcotics was improper. The state was obliged to prove that Mr. Galloway had a felonious intent; the reference to narcotics may well have been a calculated, although veiled, effort to acquaint the jurors with a possible felonious intention, since the

office which Mr. Galloway allegedly entered was near that of a medical doctor.

No objection was made to the assistant district attorney's statement and no motion for mistrial was based thereon. While we consider the comment about narcotics as entirely improper, we do not believe that it resulted in prejudicial harm to the defendant. The mischief involved in the prosecutor's reference to narcotics was sufficiently obscure so that we are unwilling to apply the rule of *State v. Adams* (1950), 257 Wis. 433, 43 N. W. (2d) 446, where the injection by the prosecution of a comment on the nature of prior offenses was held to be prejudicial.

Another basis for the defendant's demand for a new trial stems from the prosecutor's statement in the jury's presence regarding the refusal of the defendant to answer questions put to him by the police officers. The defendant argues that the trial court erred in failing to instruct the jury to disregard such comment. The matter arose when the defendant testified in the presence of the jury that he was not interested in a disturbance that had been going on downstairs. The defendant explained that he was "interested in staying away from trouble," and thereupon the assistant district attorney put this question to him: "Well, is that why you refused to answer questions asked by the police officer?" Mr. Galloway's attorney objected to that question, and the court upheld the objection. There was no further instruction by the court directing the jury to disregard it.

In Wisconsin, evidence of an accused's refusal to answer questions at the time he was apprehended was admissible prior to *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. (2d) 694. *Gullickson v. State* (1950), 256 Wis. 407, 411, 41 N. W. (2d) 291; *State v. Zuehlke* (1941), 239 Wis. 111, 300 N. W. 746. In *Miranda, supra,* at footnote 37, the United States supreme court stated:

"The prosecution may not . . . use at trial the fact that he stood mute or claimed his privilege [of self-incrimination] in the face of accusation."

In *Johnson v. New Jersey* (1966), 384 U. S. 719, 86 Sup. Ct. 1772, 16 L. Ed. (2d) 882, *Miranda* was held to have prospective effect only, the effective date being June 13, 1966. Since Mr. Galloway was tried before that date, we believe that prior Wisconsin law controls, and the question by the assistant district attorney concerning Mr. Galloway's refusal to answer questions was proper. A related ruling has just been announced by the Pennsylvania supreme court in *Shadd v. Myers,* decided October 7, 1966, 423 Pa. 82, 223 Atl. (2d) 296.

### *Conclusion.*

We find no basis for upsetting the conviction which resulted from the jury's finding of guilty.

*By the Court.*—Judgment and order affirmed.

The following memorandum was filed January 10, 1967.

PER CURIAM (*on motion for rehearing*). As set forth at page 424 of the original opinion, the trial court sustained an objection to the following question put to plaintiff in error, Galloway, on cross-examination: "Well, is that why you refused to answer questions asked by the police officer?" It is contended that it was prejudicial error for the trial court not to have followed up its ruling by an instruction to the jury to disregard the comment embodied in the question.

The basis assigned in our original opinion for finding no prejudicial error was stated as follows:

"In Wisconsin, evidence of an accused's refusal to answer questions at the time he was apprehended was

admissible prior to *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. (2d) 694. *Gullickson v. State* (1950), 256 Wis. 407, 411, 41 N. W. (2d) 291; *State v. Zuehlke* (1941), 239 Wis. 111, 300 N. W. 746."

We now acknowledge that our statement of the Wisconsin pre-*Miranda* rule was too broad. It should have been limited to those situations where questions are accusatory in nature, as was the case in both *Gullickson* and *Zuehlke*. As cogently stated in *McCormick v. State*,[1] "The circumstances must be such as would naturally call for some action or reply on the question of guilt."

The trial court correctly ruled that evidence concerning the failure to respond to a nonaccusatory charge is not admissible. In *Riger v. State*[2] a defendant refused to answer a police officer's question concerning a date that the defendant had allegedly made with a complaining witness. The trial court admitted the evidence, and this court ruled that it was error to do so, adding, at page 203, "the admission of this testimony could not have been prejudicial to the defendant." In the case at bar, the question put to Mr. Galloway on cross-examination was not, in our opinion, prejudicial to him. Not only did the trial court sustain the objection to the question, but the defendant's trial counsel did not request an instruction that the jury should disregard the prosecutor's question. We are unable to perceive any prejudicial error.

The motion for rehearing is denied without costs.

---

[1] (1923), 181 Wis. 261, 271, 194 N. W. 347.

[2] (1946), 249 Wis. 201, 23 N. W. (2d) 456.