STATE, Respondent, v. RICE, Appellant.*

*December 1—December 22, 1967.*

* Motion for rehearing denied, without costs, on February 27, 1968.

394

For the appellant there was a brief by *I. B. Shapiro* and *Murphy, Shapiro & Gorsky,* attorneys, and *Michael W. Hogan* of counsel, all of Milwaukee, and oral argument by *Mr. I. B. Shapiro* and *Mr. Hogan.*

For the respondent the cause was argued by *E. Michael McCann,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

CONNOR T. HANSEN, J. The defendant, in his brief, raises ten issues, several of them interrelated. Consideration has been given each of the arguments presented, however our attention will be directed to those which we consider to be determinative of the case.

(1). Venue as to first count.

Proof of venue on the charge relating to the "use" of a narcotic depends largely upon the admissibility of a statement by a state's witness, Oliver Leon Davis. The interrogation of Davis, as to this specific situation, took place in the office of the district attorney in the presence of the defendant, Assistant District Attorney Francis Croak and Officer Shackett.

Officer Shackett testified that:

"He (Davis) was asked if he had used any heroin in Milwaukee. He stated, yes, before they had left they had used it, both of them, Raymond (defendant) and Mr. Davis had used heroin at Raymond's house."

The officer was then asked:

"*Q.* After these statements were made in response to these questions to Oliver Leon Davis, what reaction was there on the part of the defendant in this case? What did he say? *A.* He didn't say anything; he just snickered."

*Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694, closes the door to the admissibility of such testimony relating to the demeanor of the defendant. In *Miranda, supra,* at footnote 37, the United States Supreme Court stated:

"The prosecution may not . . . use at trial the fact that he stood mute or claimed his privilege [of self-incrimination] in the face of accusation."

In *Johnson v. New Jersey* (1966), 384 U. S. 719, 86 Sup. Ct. 1772, 16 L. Ed. 2d 882, *Miranda* was held to be prospective only, the effective date being June 13, 1966. The defendant was tried before that date, therefore prior Wisconsin law controls.

Oliver Leon Davis, in the office of the district attorney and in the presence of the defendant, Officer Shackett and the Assistant District Attorney Croak, stated that he went to Chicago with defendant and Sykes for the purpose of purchasing heroin, which they did. Returning from Chicago, they were stopped in Milwaukee, at which time Davis had a quarter ounce of heroin on his person and defendant had a "fix," which consisted of a hypodermic needle and a glass eyedropper syringe, on his person. He also stated that he and defendant had used heroin in Milwaukee at the house of defendant before they traveled to Chicago.

We are of the opinion that the statements of Oliver Leon Davis which were testified to by Shackett were sufficiently accusatory in nature so as to bring defendant's silence and snicker within the scope of admissible evidence under the Wisconsin rule as it existed prior to *Miranda*. The circumstances were such as would naturally call for some action or reply on the question of guilt. *McCormick v. State* (1923), 181 Wis. 261, 271, 194 N. W. 347.

In *Gullickson v. State* (1950), 256 Wis. 407, 411, 41 N. W. 2d 291, this court stated:

"Evidence of admissions by silence is to be received with caution and the question of whether under all the conditions and surrounding circumstances a normal person would make denial so that silence can be interpreted as an admission at all, is for the jury."

In *Gullickson,* the trial court was reversed on the ground that it instructed the jury that defendant's silence was an admission. In the case now under consideration, the jury instruction was in accord with the *Gullickson* mandate.

We, therefore, hold that the above-quoted testimony of Officer Shackett was properly admitted. This testimony, supported by that of the defendant concerning his residence in Milwaukee, and that of Sykes concerning his meeting defendant and Davis at defendant's house before proceeding to Chicago, is sufficient proof to establish venue. *Piper v. State* (1930), 202 Wis. 58, 61, 231 N. W. 162; *Farino v. State* (1931), 203 Wis. 374, 378, 234 N. W. 366.

(2). Apprehension of defendant.

The defendant urges that his arrest was illegal because the officers did not have sufficient facts to establish probable cause. This argument ignores the fact that the defendant was on parole at the time he crossed the state line and proceeded into Illinois. This constituted a violation of his parole and was witnessed by Officer Shackett. Mr. Richards, defendant's parole agent, was notified and directed that Rice be apprehended when he returned to the state.

At the time of the apprehension, sec. 57.06, Stats. 1959, Paroles from state prisons and house of correction, provided:

"(3) Every paroled prisoner remains in the legal custody of the department unless otherwise provided by the department; and all prisoners under its custody may be returned to prison at any time, on the order of the department, and shall be returned whenever found exhibited in any show. A certified copy of the order shall be sufficient authority for any officer to take the prisoner to the institution from which he was paroled; and the officer shall execute such order as a warrant for arrest *but any officer may, without order or warrant, take the prisoner into custody whenever it appears neces-*

*sary in order to prevent escape or enforce discipline or for violation of parole."* (Emphasis added.)

The defendant apparently concedes that the police had authority to apprehend him under the provisions of the above-cited statute, but urges that the standard of "reasonable grounds" set forth in sec. 954.03 (1), Stats., relating to arrest without a warrant and as enunciated in *Stelloh v. Liban* (1963), 21 Wis. 2d 119, 125, 124 N. W. 2d 101, should be applied as a constitutional safeguard.

Sec. 57.06, Stats., however, is specific and is predicated upon the ground that parole grants only limited freedom. *Tyler v. State Department of Public Welfare* (1963), 19 Wis. 2d 166, 172, 119 N. W. 2d 460.

The federal cases cited by defendant relate to arrests based on probable cause which is not the standard established under sec. 57.06, Stats.

(3). Entrapment.

The issue of entrapment was raised in the trial court. The trial court correctly analyzed the situation when, in his instructions to the jury he stated "On the law and the undisputed facts of this case, I instruct you that the defense of entrapment is not available to the defendant."

There is no question but that Sykes was a police informer. Officer Shackett testified that he had known the defendant for approximately two and one-half years through his investigation of the narcotics situation in Milwaukee and Chicago.

There is absolutely no testimony to in any way indicate that Shackett prompted or arranged the trip, or that he asked Sykes to take defendant to Chicago, or that he wanted defendant to violate his parole, or that he gave money to Sykes so that he would take defendant to Chicago. In fact, Officer Shackett denied engaging in any such activities. Sykes also denied that he had initiated the trip to Chicago.

In *State v. Hochman* (1957), 2 Wis. 2d 410, 413, 86 N. W. 2d 446, this court stated in part:

"Entrapment is the inducement of one to commit a crime not contemplated by him for the mere purpose of instituting criminal prosecution against him. See *State v. Marquardt* (1952), 139 Conn. 1, 89 Atl. (2d) 219, 31 A. L. R. (2d) 1206; *State v. Jarvis* (1928), 105 W. Va. 499, 143 S. E. 235; *Sorrells v. United States* (1932), 287 U. S. 435, 53 Sup. Ct. 210, 77 L. Ed. 413, 86 A. L. R. 249; 15 Am. Jur., Criminal Law, p. 24, sec. 335; 22 C. J. S., Criminal Law, p. 100, sec. 45a.

"There is a very clear distinction between inducing a person to do an unlawful act and setting a trap to catch him in the execution of a criminal design of his own conception. 15 Am. Jur., Criminal Law, p. 24, sec. 335; 22 C. J. S., Criminal Law, pp. 100, 101, sec. 45."

(4). Other issues.

The trial court allowed state's witness, Oliver Davis, to be impeached through the use of a stenographic record of the trial in which he testified and was convicted on his plea. Davis was an inmate of Waupun at the time of the instant trial and was brought to court to testify.

All parties agreed that Davis was a hostile witness. Ultimately, when the impeachment was allowed the court immediately instructed the jury that the previous statements could not be accorded any substantive value but were admitted only with relation to the credibility of the witness. This same instruction was again repeated in the court's final charge to the jury. *State v. Major* (1956), 274 Wis. 110, 112, 79 N. W. 2d 75; *Schuster v. State* (1891), 80 Wis. 107, 117, 118, 49 N. W. 30.

The information contained an allegation concerning a previous burglary charge. This was in the information under the provisions of sec. 959.12, Stats., Sentence of Repeater. The record reveals that this allegation was stipulated to by counsel for defendant and stood uncontested throughout the trial. No objection thereto or any

attempt at the preservation of any alleged error were presented until this appeal.

It is also alleged that the trial court erred in sentencing defendant to the state prison rather than ordering treatment in a more appropriate institution. Defendant was charged and found guilty of a single instance of the use of narcotics. There was no evidence introduced during the trial to indicate that defendant was a constant or habitual user or was under the influence of narcotics. *Browne v. State* (1964), 24 Wis. 2d 491, 501, 129 N. W. 2d 175, 131 N. W. 2d 169. The record also reveals that the matter was given serious consideration by the trial judge at the time of sentence. The power of an appellate court to review a lawfully imposed sentence is governed by a strong policy against interference with the discretion of the trial court. *Nelson v. State* (1967), 35 Wis. 2d 797, 820, 821, 151 N. W. 2d 694.

After considering all of the arguments presented by counsel and reviewing the record, we conclude that no prejudicial error was committed in the trial of the defendant and that the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendant guilty beyond a reasonable doubt.

*By the Court.*—Judgment affirmed.