ISAAC TALBOT, *Plaintiff in Error,*

*vs.*

MARVIN WHITE, *Defendant in Error.*

The clerk has no authority to issue a writ of certiorari to a justice of the peace, unless there is an allowance thereof endorsed on the affidavit by the proper officer.

The County Court has no authority to permit a witness who had been examined before the justice, to be called and sworn on the hearing of the certiorari, and sworn to supply an alleged defect in the return of the justice. And this perversion of authority is in no way excused by the contempt of the justice in refusing to make a further return.

Chapter 86, § 27, and chapter 88, § 221, give ample power to the court, not only to compel the justice to amend his return, but to administer a wholesome punishment to the justice who may be guilty of the flagrant contempt of refusing to comply with the order of the court.

[The rules of this court require the plaintiff in error, or appellant in chancery, to make an abstract of the case which he presents to the court, made out from the record, and one which the record will justify in all its parts, and one which will exhibit to the court all the essential matters of the record to be brought under review before this court, and that the same shall be printed, &c. The printed " case " brought before us in this court by the plaintiff in error, informs the court as follows : " There were various exceptions taken by the attorney for the plaintiff, to the rulings and decisions of the court during the progress of the trial, which were signed by the judge, and entered upon the record, all of which sufficiently and at large appear in the transcript of the record of said cause."

The court were in doubt, whether to turn the plain-

tiff out of doors for so gross a perversion of the rule, or to save the client, notwithstanding the negligence or contempt of his attorney. The latter reason prevailed, and the record was inspected. But though the client may have had no wrong, the attorney has had little good, and this must not be considered or relied upon as a precedent hereafter.]

From the state of this case, in the printed abstract furnished by the plaintiff in error, it is impossible to conceive what his case was; or to what his points which he has presented refers. From an examination of the record, however, we have tried to present the case, and the points bearing upon it, in the clearest form we have been able to do, but feeling satisfied that the points decided by the court will be more clearly understood from the opinion of the court, than from any synopsis the reporter can make, reference is made to the opinion. So far as the points decided by the court are concerned, the record of the case is clear, and as regards nothing else, is it clear.

*Parley Eaton*, for the plaintiff in error.

*Collins & Smith*, for the defendant in error.

*By the Court*, CRAWFORD, J. The writ of *certiorari* was issued in this case by the County Court of Richland county, without any allowance having been endorsed upon the affidavit by the proper officer, as prescribed by section two hundred and sixteen of chapter eighty-eight of the Revised Statutes. Until this allowance was so endorsed, the clerk had no authority to issue the writ. Any other construction

than this, would render the salutary provision of the section above referred to, of no effect. It was intended to restrict the use of this writ to cases where, in the opinion of the officer allowing the writ, an error "affecting the merits of the controversy" had been committed. If this objection to the proceeding had been urged in the County Court, it would have been the duty of that court to dismiss the case, and we are inclined to the belief that it is equally fatal here. But it is not necessary to express an opinion on that point at present. On the hearing of the case, the County Court permitted a witness who had been examined on the trial before the justice, to be called and sworn, to supply an alleged defect in the return of the justice. This was a palpable error, (17 *Johns. R.* 131,) and is in no way excused by the contempt of the justice in refusing to make a further return, as required by the court. Section twenty-seven of chapter eighty-six, and section two hundred and twenty-one of chapter eighty-eight of the Revised Statutes, gave ample power to the court, not only to compel the justice to amend his return, but also to administer a wholesome punishment for the flagrant contempt, of which he seems to have been guilty.

The judgment of the County Court must be reversed, with costs.