THE MILWAUKEE HARVESTER COMPANY, Appellant, vs. TEASDALE and another, Respondents.

*September 9 — September 26, 1895.*

(1) *Jurisdiction: Presumption in support of judgment:* Certiorari. (2) *Legal holidays: Justices' courts: Adjournments.*

1. In support of a judgment of the circuit court, and especially after appearance and trial without objection in that court, it will be presumed on appeal, where the record is silent, that the action was duly brought into that court by a sufficient process duly served. So *held* in a case taken from a justice's court to the circuit court by *certiorari*, where the objection was made for the first time on appeal that the petition for the writ was defectively verified and that it did not appear that the writ itself was allowed by any judge.

2. The adjournment of a case is the transaction of business, within the prohibition of sec. 2576, S. & B. Ann. Stats., providing that "no court shall be opened or transact any business . . . on any legal holiday;" and an action in justice's court which has been adjourned to a legal holiday cannot be adjourned or held open to the next day, but must necessarily fall. So *held* where the day to which the cause was adjourned became a legal holiday after the adjournment by being appointed as the day of public thanksgiving.

The Milwaukee Harvester Co. vs. Teasdale and another.

APPEAL from a judgment of the circuit court for Monroe county: O. B. WYMAN, Circuit Judge. *Affirmed.*

This was an action in justice's court. November 3, 1893, the cause was adjourned by consent of parties to November 30, 1893. This day was, on November 3, 1893, by the president, and on November 18, 1893, by the governor, appointed as a day for public thanksgiving. On that day the parties were before the justice, who, of his own motion, continued the cause until the next day, December 1st. On that day the defendants appeared to raise the point that the case was out of court, and took no further part in it. The plaintiff proceeded and took judgment. The defendants took the case to the circuit court by *certiorari.* It was there argued and disposed of on its merits. The justice's judgment was reversed, and the plaintiff appeals. Here it is urged, for the first time, that the petition for the writ of *certiorari* was defectively verified, and that it does not appear that the writ itself was allowed by any judge.

*S. W. Button,* for the appellant, contended, *inter alia,* that the justice did not lose jurisdiction by the adjournment to the day which was afterwards named as Thanksgiving. *Lampe v. Manning,* 38 Wis. 673; *A. G. Spaulding & Bros. v. Bernhard,* 76 Wis. 371; *Glenn v. Eddy,* 51 N. J. Law, 255; *Perkins v. Jones,* 28 Wis. 243; *Smith v. Bahr,* 62 id. 244; *Harrington v. Smith,* 28 id. 43; *Green v. Walker,* 73 id. 548, 551; *Weil v. Geier,* 61 id. 414; *Smith v. Ihling,* 47 Mich. 614; *People v. Odell,* 1 Dak. 197; *State v. Ricketts,* 74 N. C. 187; *Williams v. Verne,* 68 Tex. 414; *Kinney v. Emery,* 37 N. J. Eq. 339; *McEvoy v. School Dist.* 38 id. 420; *State v. Sorenson,* 32 Minn. 118; *Rice v. Mead,* 22 How. Pr. 445; 29 Am. Law Reg. 137; *In re Worthington,* 7 Biss. 457; *Polin v. State,* 14 Neb. 540. The justice could do no less and no more than he did do on November 30, to prevent a failure of justice; and it seems upon authority that he had the power to do so much. R. S. sec. 3571; *State v. Gust,*

70 Wis. 634; *Baizer v. Lasch,* 28 id. 269; *Stromberg v. Esterly,* 62 id. 632; *Healy v. Kneeland,* 48 id. 497; Bryant, Wis. Justice, § 256.

For the respondents there was a brief by *Howard Teasdale,* attorney, and *Morrow & Masters,* counsel, and oral argument by *J. M. Morrow.*

NEWMAN, J. Objections which are taken in this court for the first time are not favored. Often the defect complained of may be obviated if objection is made in the trial court. When made in this court for the first time, a liberal presumption will be extended in aid of the proceeding assailed. When the defect complained of is a mere irregularity or is amendable it will be deemed to have been waived or amended. So, in favor of the judgment of the circuit court, and especially after the appearance and trial without objection in that court, it will be presumed, where the record is silent, that the action was duly brought into that court by a sufficient process duly served. *Sommermeyer v. Schwartz,* 89 Wis. 66. There is authority which seems to hold that the defects complained of are of such gravity and seriousness, if their existence is established, as to be fatal to the action, either in the trial court or in this court. *Talbot v. White,* 1 Wis. 444. But their existence is not affirmatively shown by the record and is not to be presumed.

The cause was adjourned in justice's court to a day which afterwards, by appointment of the governor, became a legal holiday. On that holiday it was adjourned to the next day. On that next day, and without the consent or waiver of the defendants, the plaintiff proceeded in the case and took judgment. It is claimed, and the circuit court so held, that the judgment is void. This is on the ground that the justice had no power to move in the case on a legal holiday. The statute (sec. 2576, S. & B. Ann. Stats.) provides: "No court shall be opened or transact any business . . . on

The Milwaukee Harvester Co. vs. Teasdale and another.

any legal holiday, unless it be for the purpose of instructing or discharging a jury, or of receiving a verdict and rendering a judgment thereon." "No court shall be opened." It needs no argument to show that, in face of this prohibition, there could be no court, even if the justice and all parties were present and consenting. Whatever should be done would be strictly *coram non judice* and void. "Or transact any business." It is doubly prohibited. The adjournment of a cause is the transaction of business. It is business which can be done only by a court. It is judicial business, being addressed to the judgment and discretion of a court. It is a very common proceeding in a cause. It is to put off or defer to another day. To "hold open" to another day is but another name for the same thing. And there is no provision that matters pending in a justice's court shall be deemed continued over the holiday to the next day, as is provided for courts of record. *Ibid.* This statute makes some exceptions from its general prohibition. It mentions some things which may be done by a court upon a holiday. The legislature might have added to these exceptions, "or to adjourn a cause." But it has made no such exception, and the court cannot make it. The exceptions named ascertain the rule. Nothing can be done by a court upon a holiday except the things which are expressly excepted from the prohibition. An action in justice's court which has been adjourned to a legal holiday must necessarily fall. But it would seem that this condition of the law need lead to no practical difficulty. The time of the thanksgiving holiday is, practically, as definitely fixed as Christmas or the Fourth of July, in advance of the proclamation. It has been the custom, not departed from in many years, to set apart for thanksgiving the last Thursday in November in each year. So that it can be foreseen with practical certainty that that day will be a nonjudicial day.

*By the Court.*—The judgment of the circuit court is affirmed.