STATE, Respondent, v. WIMBERLY, Appellant.

*No. State 153.  Argued June 6, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 360.)

438

For the appellant there were briefs by *Coffey, Lerner & Murray* of Milwaukee, attorneys, and *William M. Coffey* of counsel, and oral argument by *William M. Coffey*.

For the respondent the cause was argued by *Michael R. Klos*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

CONNOR T. HANSEN, J.   November 2, 1970, a pretrial hearing was held, and in the afternoon the court informed counsel and the defendant that the following day was a legal holiday, it being the day of a general election, and, therefore, the court could not conduct business on that day. At the invitation of the court, however, defendant and his counsel waived the right of the defendant not to be tried on a statutorily declared legal holiday. Jurors were then selected and the case adjourned to the following day.

The trial proceeded on November 3, 1970, and was concluded on November 4, 1970. On this appeal, the defendant contends the trial court did not have jurisdiction to proceed with the trial on the day of a general election because of the prohibition expressed in sec. 256.15, Stats., which provides:

". . . No court shall be opened or transact business on the first day of the week, the 4th day of July, Christmas or the day on which any general election shall be held unless it be for the purpose of instructing or discharging a jury or of receiving a verdict and rendering a judgment thereon; but this section shall not prevent the exercise of the jurisdiction of any judge when it shall be necessary, in criminal cases, to preserve the peace or arrest offenders. If the day fixed by law for beginning any term of any court of record falls upon a legal holiday, the term shall be deemed opened and adjourned until the next day which is not a Saturday, Sunday or holiday, and from day to day thereafter until the judge is present, and all matters returnable on that day shall be held continued until the judge is present; but whenever any such holiday, other than the 4th of July, Christmas and the day on which any general election shall be held, shall occur during the term of any court of record, said court may, in its discretion, proceed with its business thereon in like manner and with like effect as upon any other day." [1]

The trial court in its memorandum decision held that the statute was applicable but that under the circumstances of the instant case did not serve to deprive the court of authority to hear the case. Various reasons were given in support of this conclusion: That the statute did

[1] We observe that sec. 256.15, Stats., originally enacted by the legislature, has recently been amended by this court and, as amended, adopted as a rule of this court pursuant to sec. 251.18. Supreme Court Order (1965), 25 Wis. 2d vi. Subsequent modification has been effected by the legislature. Ch. 255, sec. 64, Laws of 1969. *See: Rules of Court Case* (1931), 204 Wis. 501, 236 N. W. 717.

not deal with a substantive protective right of the defendant; that the defendant knowingly and voluntarily waived the provisions of the statute on the day preceding the holiday and he was estopped from asserting those provisions; that the defendant has not shown any prejudice; that the jurors were informed they would have sufficient opportunity to vote on the morning of the day of the election; and, that a broad interpretation of the statute would allow trial to proceed in view of the then existing crowded court calendars.

Art. VII, sec. 8 of the Wisconsin Constitution, provides:

"The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and *not hereafter prohibited by law* . . . ." (Emphasis added.)

Thus, because of the prohibition contained in sec. 256.15, Stats., defendant asserts the judgment rendered in the present case was void for want of jurisdiction and, therefore, the judgment should be set aside and the defendant granted a new trial. We do not agree. Any holding in *Lampe v. Manning* (1875), 38 Wis. 673, and *Milwaukee Harvester Co. v. Teasdale* (1895), 91 Wis. 59, 64 N. W. 422, indicating the contrary, is overruled.

The constitution vests in the circuit courts original jurisdiction in all matters, civil and criminal, in the state. The constitutional language "not hereafter prohibited by law. . ." does not extend to the kind of prohibition expressed in sec. 256.15, Stats.

*Callanan v. Judd* (1868), 23 Wis. 343, held invalid a legislative act which prohibited circuit courts from trying any action to foreclose a mortgage in which there were issues of fact, without intervention of a jury, except on written stipulation of the parties. This court stated at page 350:

"The plain object of this provision [not hereafter prohibited by law] was to enable the legislature to distribute the jurisdiction in both matters at law and in equity, as between the circuit courts and the other courts in the state, giving to the circuit courts such original jurisdiction and such appellate jurisdiction as it might see fit. But the jurisdiction there intended was jurisdiction of the suit."

In *Application of Clark* (1908), 135 Wis. 437, 443, 115 N. W. 387, it was argued that the circuit court for Clark county had no jurisdiction of the subject matter of the litigation and it was pointed out that contention failed to distinguish between want of jurisdiction because the subject matter was outside the scope of its constitutional power to adjudicate and those cases within the scope of its constitutional power but wherein it was prohibited from exercising jurisdiction because of statutory provisions.

". . . In cases of the former class the judgments are void for want of power. In cases of the latter class the judgments are erroneous, but are binding on parties to the litigation until reversed on review by some superior court or otherwise set aside. Both classes of cases are classed as instances wherein courts act without jurisdiction, but the effects of their judgments in the two classes of cases are widely different. . . ."

The court has consistently followed this rationale. *State v. Fischer* (1921), 175 Wis. 69, 184 N. W. 774, *Seyfert v. Seyfert* (1930), 201 Wis. 223, 229 N. W. 636; *State ex rel. Hammer v. Williams* (1932), 209 Wis. 541, 245 N. W. 663; *Galloway v. State* (1966), 32 Wis. 2d 414, 420, 145 N. W. 2d 761; 147 N. W. 2d 542.

Our attention has been directed to authority in other jurisdictions which have held that certain proceedings held on nonjudicial days are void; however, we are not persuaded by these authorities.[2]

[2] *Davidson v. Munsey* (1903), 27 Utah 87, 74 Pac. 431; *Ex Parte Tice* (1897), 32 Or. 179, 49 Pac. 1038.

We do find the determination of those jurisdictions which have reached the opposite conclusion to be persuasive and more consistent with the rationale of the decisions of this state as developed over the years.

In *People v. Browning* (1933), 132 Cal. App. 136, 144, 145, 22 Pac. 2d 784, a case involving the application of a statutory provision substantially similar to the one in question, it was stated:

"The authorities appear to concede that a court does not lose jurisdiction of the person of the litigants or of a cause, by the mere intervention of a holiday in the midst of a trial. The conducting of court proceedings upon such nonjudicial day, which proceedings are not specifically excepted from the prohibition of the holiday statute, appear to be considered mere irregularities which may be specifically waived, or tacitly waived by failing to make timely objections thereto. In support of the conclusion that jurisdiction of the cause is not lost by the intervention of a holiday, it will be observed that section 134 of the Code of Civil Procedure specifically authorizes the performance of certain judicial acts in the course of criminal trials on a nonjudicial day. Juries may be lawfully instructed in the course of their deliberations, at their own request. . . ." [3]

The court, in *Miller v. Emerson* (1947), 120 Mont. 380, 385, 186 Pac. 2d 220, after a consideration of numerous conflicting authority, concluded:

"We think the better view is that by failing to interpose timely objection or by consenting to proceed with the case as here, a waiver is effected.

" 'One who invokes or voluntarily submits to the exercise by a court of its jurisdiction upon a matter of which it has power to take cognizance is estopped from subsequently objecting thereto.' (19 Am. Jur., Estoppel, sec. 77, p. 716.)"

---

[3] *See: State ex rel. Walter v. Superior Court* (1908), 49 Wash. 1, 94 Pac. 665, 667, 668; *State v. Snider* (1967), 70 Wash. 2d 326, 422 Pac. 2d 816.

We conclude that in the present case the action of the trial court was erroneous but that such error was subject to waiver and therefore the judgment entered was not void. As was said in *Beck v. State* (1928), 196 Wis. 242, 249, 219 N. W. 197, "The ruling may be erroneous, but if the court has jurisdiction to rule it has jurisdiction to err." The defendant having expressly waived the statutory prohibition contained in sec. 256.15, Stats., cannot now be heard to object.

*By the Court.*—Order affirmed.