STATE of Wisconsin, Plaintiff-Respondent,

v.

Richard L. KRAEMER, Defendant-Appellant.

Court of Appeals

*No. 89-0140-CR. Submitted on briefs April 3, 1990.—Decided May 24, 1990.*

(Also reported in 457 N.W.2d 562.)

For the defendant-appellant the cause was submitted on the briefs of *Jonathan D. Jackson, Jr.* of *Jackson & Gregory* of Madison.

■■■■■■■

■■■■

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, by *Sally L. Wellman,* assistant attorney general, of Madison.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J.   Richard L. Kraemer, a minor at the time of the events giving rise to this case, appeals from a judgment convicting him of injury by conduct regardless of life, attempted armed robbery and reckless use of a weapon, contrary to secs. 940.23, 943.32(2) and 941.20(2)(a), Stats. The issue is whether Kraemer relinquished his right to object to the juvenile court waiver proceedings when he later pled guilty to the crimes charged in adult court. We conclude that by pleading to the charge, Kraemer waived his right to challenge the juvenile court proceedings. We therefore affirm the judgment.

The facts are not in dispute and may be briefly stated. Kraemer and two friends absconded from a group home in Shawano County and a few days later, after stealing several cars and other items, the vehicle they were driving broke down. Kraemer and one of the other young men went to a nearby house to borrow a flashlight. They returned to the house shortly thereafter and, when the woman who had earlier given them the light answered the door, Kraemer's companion shot her several times, severely wounding her.

At the time the crimes were committed, Kraemer was seventeen years old. After a hearing, the juvenile court granted the state's petition to waive juvenile jurisdiction and transfer the case to adult court. Eventually, Kraemer entered guilty pleas to the three felony charges. The trial court accepted the pleas and a judgment of conviction was entered.

Section 48.18, Stats., sets forth the procedure for waiving juvenile court jurisdiction for certain crimes committed by minors. The juvenile court first determines whether the case has "prosecutive merit" and if that finding is in the affirmative, the court considers whether to waive jurisdiction based on the following criteria: the personality and prior record of the child, the type and seriousness of the offense, and the adequacy and suitability of facilities and services available for the child's treatment. Sec. 48.18(5). The judge must state his or her findings on the record. Sec. 48.18(6).

Kraemer argues that the "juvenile court's failure to consider all the criteria in sec. 48.18(5) and to set forth specific findings with respect to each of those criteria as required by sec. 48.18(6) deprived the trial court of subject matter jurisdiction to conduct criminal proceedings and enter a conviction." We are not persuaded.

Even if the juvenile court had failed to consider all the statutory waiver criteria, or failed to set forth specific findings as to each, that is not a jurisdictional defect: it is an abuse of discretion. *See In Interest of C.W.,* 142 Wis. 2d 763, 768, 419 N.W.2d 327, 329 (Ct. App. 1987) ("The juvenile court . . . abused its discretion by failing to consider all the criteria listed in sec. 48.18(5), Stats., and by failing to make findings as to those criteria."). Thus, the error claimed by Kraemer, if indeed it was error, is judicial, not jurisdictional. *See State v. Lewandowski,* 122 Wis. 2d 759, 762, 364 N.W.2d 550, 552 (Ct. App. 1985), where, in response to a claim that various "defects" in a juvenile waiver hearing—including the inadequacy of the evidence and the court's failure to consider relevant factors—deprived the court of subject matter jurisdiction, we said: "Saying that defects [in a juvenile court waiver hearing] deprive a

trial court of subject matter jurisdiction does not make it so. A juvenile court has jurisdiction to err. The alleged defects are not jurisdictional." (Footnote omitted.)

It is well settled that nonjurisdictional defects may be waived by a defendant in a criminal case. *State v. Wimberly,* 55 Wis. 2d 437, 442–43, 198 N.W.2d 360, 362 (1972). In particular, a plea of guilty, knowingly and understandingly made, constitutes a waiver of all nonjurisdictional defects and defenses including claimed violations of constitutional rights. *County of Racine v. Smith,* 122 Wis. 2d 431, 434, 362 N.W.2d 439, 441 (Ct. App. 1984).

Although we may, in our discretion, review nonjurisdictional errors, *County of Racine,* 122 Wis. 2d at 434, 362 N.W.2d at 441, we see no reason to relieve Kraemer of his waiver. After his transfer into adult court, Kraemer concluded a plea agreement with the state in which he agreed to plead guilty to an amended three-count information in exchange for the state's agreement to dismiss two misdemeanor counts alleged in the complaint and to join in the defense's request for a presentence investigation. Under the terms of the agreement, the district attorney reserved the right to argue for whatever sentence she deemed appropriate, and Kraemer's conviction and sentencing proceeded according to the terms of the agreement.

A defendant cannot follow one course of strategy at trial and then, if dissatisfied with the result, complain that he or she should be discharged or retried. *Cross v. State,* 45 Wis. 2d 593, 605, 173 N.W.2d 589, 596 (1970). A waiver which is the result of a strategic choice binds both the defendant and the appellate court, precluding

review of the waived claim. *Bradley v. State,* 36 Wis. 2d 345, 359–59a, 153 N.W.2d 38, 44, 45 (1967).

Finally, we reject Kraemer's argument that we should not apply the "guilty-plea waiver rule" to juveniles. Citing *In Interest of D.H.,* 76 Wis. 2d 286, 297, 251 N.W.2d 196, 202 (1977), he argues that to do so "would effectively deny [them] of the basic requirement of fundamental fairness which the waiver proceedings were intended to provide." In *D.H.,* the supreme court discussed "the basic requirements of fundamental fairness" in waiver proceedings. At the end of a long list of requirements—including notice and hearing, assistance of counsel, the right to present evidence and cross-examine witnesses, access to reports and records relating to the juvenile, and a prohibition against the court basing its decision on "secret information"—the *D.H.* court added: "and that the court state its reasons for concluding that waiver of jurisdiction is appropriate." *Id.* (footnote omitted).

Here, the juvenile court did state its reasons for waiving jurisdiction over Kraemer. Indeed, the statement covers several pages of the hearing transcript and it discusses Kraemer's contacts with the department, his prior placements and ordered therapy, the testimony of social workers and others as to Kraemer's conduct at the juvenile home in which he had been placed sometime prior to the incident in question, and the nature of the crime. The court then considered juvenile programs and facilities available to Kraemer and appropriate to his needs, as testified to by a psychiatrist and a psychologist, and, finding none to be appropriate, waived jurisdiction.

We see no fundamental unfairness in the manner in which the court memorialized its ruling. Nor has Krae-

mer convinced us that we should exercise our discretion to review the objections he waived by his pleas. Kraemer was represented by counsel throughout the proceedings and he does not suggest that his pleas were anything other than voluntarily and understandingly entered. We have briefly summarized the reasons offered by the juvenile court as underlying its decision to waive jurisdiction and see no violation of the standards enunciated by the supreme court in *D.H.*

The guilty plea waiver rule is grounded on the assumption that the plea itself constitutes both an admission that the defendant committed past acts and a consent that a judgment of conviction be entered against him without a trial. *County of Racine,* 122 Wis. 2d at 437, 362 N.W.2d at 442. As we have noted, Kraemer does not challenge the fairness or propriety of the plea itself and he has not satisfied us that we should relieve him of his waiver.

*By the Court.*—Judgment affirmed.