**STATE of Iowa, Appellee,**

v.

**Sombat B. YODPRASIT, Appellant.**

No. 96–491.

Supreme Court of Iowa.

May 21, 1997.

Ruth M. Carter and Robert Tiefenthaler of Carter, Carter & Tiefenthaler, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Thomas S. Mullin, County Attorney,

and Robert J. Katcher and Dewey P. Sloan, Assistant County Attorneys, for appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

The defendant, Sombat Yodprasit, appeals from his convictions and sentences imposed following his pleas of guilty to charges of going armed with intent and willful injury. *See* Iowa Code §§ 708.4, 708.8 (1995). All of Yodprasit's claims relate to proceedings that took place in the juvenile court before that court waived its jurisdiction. His appeal raises the following issue: Does a defendant who pleads guilty in the district court thereby waive any claims arising out of previous juvenile court proceedings? We think so and affirm.

In the fall of 1995, racial tensions between some Asian and white high-school students were running high in Sioux City. On September 8, 1995, a fight broke out between some Asian and white students in a parking lot. Justin Hegge, a white student, was severely cut across his stomach by an Asian student.

Following an investigation of the incident, the State filed a delinquency petition on September 13. The petition charged that Yodprasit had committed delinquent acts that would have constituted the crimes of going armed with intent, attempted murder, and willful injury, if committed by an adult. On the same day, the State also filed a motion asking the juvenile court to waive its jurisdiction so that Yodprasit could be prosecuted as an adult.

The next day the juvenile court held a detention hearing. Yodprasit's attorney stipulated—for the purposes of that hearing only—that there was probable cause to believe that Yodprasit had committed a delinquent act.

On November 1 the juvenile court heard the State's waiver motion. A different attorney was now representing Yodprasit. During the hearing, the court restricted Yodprasit's cross-examination of some State witnesses. The court also received into evidence police reports and the testimony of a police officer who was not on the State's designation-of-witness list.

Following the waiver hearing, the juvenile court entered a written ruling granting the State's waiver motion. In its ruling, the juvenile court found there was probable cause to believe Yodprasit had committed a delinquent act that constituted a public offense. *See* Iowa Code § 232.45(6)(b) (requiring juvenile court—as a condition for waiver—to find probable cause to believe juvenile has committed a delinquent act constituting public offense). The court made this finding based on the evidence presented and, in the alternative, based on the finding of probable cause at the detention hearing. *Id.* (permitting juvenile court for waiver purposes to rely on probable cause finding from Iowa Code section 232.44 detention hearing).

In addition, the court found that (1) there were no reasonable prospects for rehabilitating Yodprasit if the juvenile court retained jurisdiction and (2) the waiver would be in the best interest of Yodprasit and the community. Both findings are required to support a waiver order. *See* Iowa Code § 232.45(6)(c).

We dismissed Yodprasit's interlocutory appeal of the waiver order. Following our dismissal, the State filed an information in the district court, charging Yodprasit with going armed with intent and willful injury.

Yodprasit withdrew his former pleas of not guilty to these charges and pleaded guilty. He did this pursuant to a plea agreement with the State under which the State agreed to dismiss the pending complaint in which he was charged with attempted murder.

Later, the district court sentenced Yodprasit to an indeterminate term not to exceed five years on the going-armed-with-intent charge. The court deferred judgment and placed Yodprasit on probation on the willful injury charge.

This appeal followed. Yodprasit raises several issues all dealing with matters arising out of the juvenile court proceedings. He contends the State failed to prove probable cause that he had committed a delinquent act which would constitute a public offense. He

also challenges the juvenile court's actions in the waiver hearing such as (1) restricting his cross-examination of some State's witnesses, (2) admitting into evidence police reports regarding the incident giving rise to the charges, and (3) allowing a police officer to testify who was not on the State's designation-of-witness list. Additionally, he contends his first attorney was ineffective for stipulating to probable cause at the detention hearing. Last, he contends the State never established a lack of reasonable prospects to rehabilitate him if the juvenile court retained jurisdiction.

The State insists that Yodprasit's guilty plea in the district court constituted a waiver of all of these claims arising out of the previous juvenile court proceedings. In support of its position, the State points to the long-standing principle in Iowa that a valid guilty plea generally waives all defenses and objections.

The State cites numerous cases to support its position, but foremost in importance is *State v. Delano,* 161 N.W.2d 66 (Iowa 1968). In *Delano,* we held that a guilty plea freely and voluntarily entered waives all defenses and objections, even as to constitutional guarantees. *Delano,* 161 N.W.2d at 72–73. Such waiver, the *Delano* court held, applies "to conduct of criminal prosecution and any objection to prior proceedings which may include a violation of [the defendant's] rights." *Id.* at 73. The State argues, therefore, that errors in a "prior proceeding" such as a juvenile court waiver hearing are generally waived. The State insists that Yodprasit's guilty plea in this case should be held a waiver especially because his claims arise out of a "dispositional" rather than "adjudicatory" proceeding.

The State admits only limited exceptions to its "guilty plea waiver" principle. The exceptions are for the right to challenge the plea itself, the right to challenge the indictment or information if it charges no offense, and the right to be free from double jeopardy. *See id.* at 72; *State v. Tobin,* 333 N.W.2d 842, 845 (Iowa 1983). None of these exceptions, claims the State, applies in this case.

Yodprasit responds that the issue of waiver the State raises is an issue involving transfer of jurisdiction from the juvenile court to the district court. He argues all of the claims he raises here are therefore jurisdictional which cannot be waived by a guilty plea.

The question whether a guilty plea in the district court constitutes a waiver of any claims arising out of a previous juvenile court waiver proceeding has been mentioned by this court twice. Both times we declined to address the issue because it was not properly raised. *See In re Clay,* 246 N.W.2d 263, 266 (Iowa 1976); *State v. Anthony,* 239 N.W.2d 850, 851 (Iowa 1976). We proceed to decide the issue now.

Yodprasit's argument that the errors he alleges occurred in the waiver hearing are jurisdictional and therefore cannot be waived invokes the principle of subject matter jurisdiction. In essence, he is saying that the alleged errors in the waiver hearing deprived the district court of subject matter jurisdiction to conduct criminal proceedings, accept his guilty plea, and enter the convictions and sentences. We are not convinced.

 Subject matter jurisdiction is the power of a court "to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention." *Christie v. Rolscreen Co.,* 448 N.W.2d 447, 450 (Iowa 1989). Such jurisdiction flows from the constitution or from statutes and cannot be conferred by consent, waiver, or estoppel. *State v. Mandicino,* 509 N.W.2d 481, 482 (Iowa 1993).

 As we pointed out in *Mandicino,*

[s]ubject matter jurisdiction should not be confused with authority. "A court may have subject matter jurisdiction but for one reason or another may not be able to entertain a particular case. In such a situation we say the court lacks authority to hear that particular case."

*Id.* (quoting *Christie,* 448 N.W.2d at 450). The distinction is important when an issue of waiver arises. As mentioned, subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel. In contrast, "where subject matter jurisdiction exists, an impediment

to a court's authority can be obviated by consent, waiver or estoppel." *Id.* at 483. Thus, in *Mandicino,* we held that (1) the district court's alleged lack of authority to extend the term of the defendant's probation could not be equated with lack of subject matter jurisdiction and (2) such lack of authority was waived by the defendant's conduct in expressly seeking to have his probation extended to give him additional time to pay his fine. *Id.*

The Iowa Constitution confers jurisdiction on the district court concerning criminal matters. *See* Iowa Const. art. V, § 6 (district courts shall "have jurisdiction in civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law"). Iowa Code section 232.8(1)(a) gives the juvenile court "exclusive original jurisdiction in proceedings concerning a child who is alleged to have committed a delinquent act unless otherwise provided by law." This provision does not deprive the district court of its criminal jurisdiction. Rather, section 232.8(1)(a) merely means that proceedings concerning delinquent acts must originate in juvenile court and continue in juvenile court until that court waives jurisdiction pursuant to Iowa Code section 232.45. Additionally, section 232.8(1)(a) makes no mention that erroneous waiver decisions deprive the district court of subject matter jurisdiction.

A juvenile court might enter an erroneous order waiving jurisdiction. For example, there may not exist sufficient evidence to support the juvenile court's fact-findings on the criteria for the waiver. Such an order, however, does not undermine the district court's subject matter jurisdiction to conduct the criminal proceedings, accept a plea of guilty, and sentence the defendant-juvenile. In short, the error is judicial, not jurisdictional. *See generally,* Dan B. Dobbs, *Trial Court Error as an Excess of Jurisdiction,* 43 Tex. L.Rev. 854 (1965); Robert J. Martineau, *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse,* 1988 BYU L.Rev. 1. The insufficiency of the evidence to support the waiver order might be an impediment to the district court's authority, but such an impediment, as we held

in *Mandicino,* can be obviated by consent, waiver, or estoppel.

In *State v. Kraemer,* 156 Wis.2d 761, 457 N.W.2d 562 (App.1990), a similar issue was raised and considered. The juvenile had pleaded guilty to crimes charged in adult court after the juvenile court had waived jurisdiction. The juvenile contended on appeal that the juvenile court's failure to consider all of the statutory criteria for waiver deprived the adult court of subject matter jurisdiction to conduct the criminal proceedings and enter a conviction. Rejecting this contention, the court said:

Even if the juvenile court had failed to consider all the statutory waiver criteria, or failed to set forth specific findings as to each, that is not a jurisdictional defect: it is an abuse of discretion. Thus, the error claimed by [the defendant], if indeed it was error, is judicial, not jurisdictional.

*Kraemer,* 156 Wis.2d at 764, 457 N.W.2d at 563 (citation omitted). The court went on to hold that the defendant waived the alleged error when he pleaded guilty in adult court. *Id.* at 765, 457 N.W.2d at 563–64. This reasoning is in harmony with our distinction between "subject matter jurisdiction" and "authority," which we discussed earlier.

There is a split of authority among other courts that have considered the issue. *Compare Rodriguez v. Ricketts,* 798 F.2d 1250, 1251 (9th Cir.1986) (holding under Arizona law that juvenile's guilty plea in adult criminal court waived any alleged defects in juvenile transfer proceedings); *Acuna v. Baker,* 418 F.2d 639, 639–40 (10th Cir.1969) (holding under New Mexico law that voluntary pleas of guilty in adult criminal court waived any alleged failure of juvenile court to advise juvenile or his parents of right to counsel in proceedings to certify him to adult court for criminal prosecution); *State v. LePage,* 536 S.W.2d 834, 835 (Mo.App.1976) (holding that juvenile waived any objections he had to juvenile court proceedings when he failed to file any motion in adult criminal court to dismiss charge or to remand to juvenile court; during the guilty plea proceeding neither juvenile nor his attorney objected to juvenile court proceeding and instead juvenile voluntarily entered a plea of guilty);

*State v. Johnson,* 5 N.C.App. 469, 472, 168 S.E.2d 709, 712 (1969) (stating that juvenile's guilty plea in adult criminal court waived any defect in waiver hearing in juvenile court); *State v. Culton,* 273 N.W.2d 200, 202–03 (S.D. 1979) (holding that juvenile's voluntary guilty plea in adult criminal court waived any defects in transfer proceedings); *Crumley v. State,* 3 Tenn.Crim.App. 385, 386, 462 S.W.2d 252, 253 (1970) (holding that plea of guilty in adult criminal court waives failure to appoint counsel in juvenile court proceeding); *and Kraemer,* 156 Wis.2d at 765, 457 N.W.2d at 563–64 (holding that juvenile's guilty plea in adult criminal court waived procedural defects in waiver hearing); *with State ex rel. Knutson v. Jackson,* 249 Minn. 246, 248, 82 N.W.2d 234, 236 (1957) (holding that guilty plea in adult criminal court did not waive requirement that notice be given to juvenile's parents even though mother appeared at hearing); *State v. Phinney,* 235 Neb. 486, 494–95, 455 N.W.2d 795, 800–01 (1990) (holding that challenges to irregularities in waiver proceedings are jurisdictional which juvenile can assert in adult criminal court even though juvenile pleads guilty); *State v. Grenz,* 243 N.W.2d 375, 378 (N.D.1976) (same); *State v. Riggins,* 68 Ohio App.2d 1, 4, 426 N.E.2d 504, 507 (1980) (same); *and State v. Pritchard,* 79 Wash.App. 14, 19–20, 900 P.2d 560, 562–63 (1995) (same), *review denied,* 128 Wash.2d 1017, 911 P.2d 1342 (1996).

■ Those courts that consider defects in waiver proceedings as jurisdictional defects proceed on the premise that such defects deprive the adult criminal court of subject matter jurisdiction. Thus, such courts reach the conclusion that the adult criminal courts have no jurisdiction to entertain the criminal proceedings thereby rendering guilty pleas ineffective. Such reasoning, which we reject, runs counter to our understanding of the difference between "subject matter jurisdiction" and "authority" as we explained in *Mandicino. See Mandicino,* 509 N.W.2d at 482. We now hold that irregularities in a waiver proceeding are impediments to the district court's authority that (1) do not deprive the district court of subject matter jurisdiction over criminal proceedings involv-

ing the juvenile and (2) can be waived if the juvenile pleads guilty.

■ Except for the ineffective-assistance-of-counsel claim, all the other issues Yodprasit raises involve judicial actions which might or might not have been erroneous. These issues, if decided erroneously, represent impediments to the district court's authority, impediments that can be waived. The ineffective-assistance-of-counsel claim involves a personal right that our cases hold can also be waived. *See Delano,* 161 N.W.2d at 73.

Yodprasit neither challenges the voluntariness of his pleas nor their factual bases. In addition, he failed to preserve any of the claimed errors he raises here. We therefore hold that his guilty pleas waived all of these claimed errors. We affirm his convictions and sentences.

**AFFIRMED.**