## IN THE COURT OF APPEALS OF IOWA

No. 14-1273
Filed June 10, 2015

**WILLIAM CONRAD WHITE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

William C. White appeals from the denial of his application for postconviction relief, filed almost thirty years after he pled guilty to second-degree murder. **AFFIRMED.**

William C. White, Des Moines, appellant pro se.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, John P. Sarcone, County Attorney, and Celene Gogerty, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

Five days after William C. White turned fourteen, the State filed a delinquency petition alleging White committed three delinquent acts, including first-degree murder. At the time the murder occurred, May of 1985, White was thirteen. Nevertheless, the State filed a motion to waive the juvenile court's jurisdiction and have White tried as an adult. White's attorneys resisted, pointing out that, although the juvenile code had been since reorganized and amended, the Iowa Supreme Court in *Stuart v. State ex rel. Jannings*, 253 N.W.2d 910, 913-14 (Iowa 1977), had interpreted a similar statute and held:

> (1) [I]n determining whether a juvenile or district court has original jurisdiction over an individual, the person's age at time of an alleged criminal act is decisive, not his age when correlative proceedings are commenced, and (2) when a juvenile court thus acquires jurisdiction it continues until the delinquency charge or charges have been properly heard and disposition thereof made, or the alleged violation is referred to the appropriate prosecuting authority for action under the criminal law, all as statutorily provided.

(citing with approval *P.H. v. State*, 504 P.2d 837, 841-42 (Alaska 1972)). The juvenile court subsequently overruled White's resistance, finding White

> was [thirteen] years of age on April 26 and May 1, 1985, when the alleged delinquent acts occurred. . . . [White] was [fourteen] years of age on September 27, 1985, when the petition and the State's motion to waive jurisdiction were filed. . . .
> . . . The court finds that [Iowa Code section 232.45(6) (1985), which provides that at "the conclusion of the waiver hearing, the court may waive its jurisdiction over the child . . . if . . . [t]he child is fourteen years of age or older,"] is not ambiguous and that the age of the child at the conclusion of the waiver hearing is decisive.

White's application for discretionary review to the Iowa Supreme Court was denied in November 1985.

In December 1985, the juvenile court entered an order waiving its jurisdiction and transferred the matter to adult court. White was then charged by trial information in district court with first-degree murder in January 1986. The State offered to let White plead guilty to the lesser-included offense of second-degree murder and dismiss the first-degree-murder charge. White and his mother accepted the offer. Two days later, the district court entered its order accepting White's guilty plea, finding that, by its direct conversation with White, White understood "the charge and its penal consequences, the constitutional rights being waived, that there is a factual basis for the plea, and it is voluntary." White was sentenced to fifty years imprisonment in June 1986. He did not file a motion in arrest of judgment prior to sentencing, nor did he file a direct appeal thereafter.

In 1988, White filed a pro se application for postconviction relief (PCR). Among other things, White asserted his conviction or sentence was illegal, arguing the State waited until he turned fourteen to file its delinquency petition so it could seek jurisdictional waiver to try White as an adult while it immediately filed charges against the other persons involved in the crime, all over the age of fourteen. Shortly thereafter, White's appointed PCR counsel filed a motion for dismissal without prejudice, stating White directed him to terminate the PCR proceedings after counsel "advised [White] that a victory in this [PCR] action would likely be followed by prosecution on the original first degree murder charge."

White served his sentence and was discharged by the Iowa Department of Corrections in June 2004. While in prison, White obtained a G.E.D. and an

Associate of Arts degree. After his release from prison, White continued his education and received a Bachelor of Science degree. White requested a teaching certificate from the Iowa Board of Educational Examiners. In response, the Department of Justice informed White that because he had been convicted of murder, the Board was prohibited from granting him a teaching certificate pursuant to Iowa Code section 272.2(14)(b)(1)(a). White was further informed that unless the law was changed or he received a pardon for the offense, he was not eligible to teach in Iowa. *See* Iowa Const. art. IV, § 16 ("The governor shall have power to grant reprieves, commutations and pardons, after conviction, for all offenses except treason and cases of impeachment.").

In 2014, almost twenty-eight years after his conviction, White filed a second PCR application/"motion to dismiss illegal sentence." Among other things, he argued Iowa Code section 232.45(6)(a) did not permit the waiver of juvenile court jurisdiction if the child's charged crime occurred when the child was younger than fourteen years of age. White noted that although his sentence had already been discharged, certain rights and liberties were automatically revoked by the sentence he received. His requested relief included that his murder sentence be vacated, his case be transferred back to juvenile court, and his rights and liberties be restored.

White and the State filed dueling motions seeking summary judgment in the PCR proceeding, and each resisted the other's motion. Following a hearing on the motions, the PCR court entered its ruling granting the State's motion and denying White's motion. Though the court recognized "[t]he juvenile court waived White to district court on December 24, 1985, under the mistaken belief

that waiver was permissible because White was fourteen at the time of the waiver hearing, even though he was not fourteen at the time of the delinquent act," White never directly appealed from his plea or sentence nor did he maintain his original PCR action. The court explained "[t]hese failures foreclose any opportunity White previously had to challenge the waiver or plea," and his claim was therefore time-barred by Iowa Code section 822.3. The PCR court went on to find that in any event, White's claims were moot because he had already discharged his sentence.

White now appeals, raising the same arguments here that he did before the PCR court.[1] It appears in this case that while he was a juvenile, the justice system failed White at every step of the way. Although we find his claims innovative and his brief cogent and well-written, like the PCR court, we find our hands tied by the three-year statute of limitations set forth in Iowa Code section 822.3. Simply put, this time-bar prevents us from righting a wrong.

In *Davis v. State*, the Iowa Supreme Court explained "statutes of limitations speak to matters of remedy and procedure, rather than the destruction of fundamental rights" and

> find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. They are by definition arbitrary, and their

---

[1] We note White appears to have added claims in his reply brief that he did not raise before the PCR court. Consequently, those claims are waived. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *State v. Walker*, 574 N.W.2d 280, 288 (Iowa 1998). Nevertheless, the claims are also time-barred pursuant to Iowa Code section 822.3.

operation does not discriminate between the just and the unjust claim, or the avoidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a "fundamental" right or what used to be called a "natural" right of the individual. He may, of course, have the protection of the policy while it exists, but the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control.

443 N.W.2d 707, 709-10 (Iowa 1989) (quoting *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314, (1945)) (internal citation omitted). The *Davis* court reasoned:

One of the goals of our criminal justice system is to afford both the accused and the state fair and prompt trials, appeals and further proceedings to correct error. A legitimate concern is that the process also end within reasonable time limits. We believe that due process requires that the interest of the state and the defendant be balanced in determining the reasonableness of a period of limitations.

*Id.* at 710. The court concluded the legislature "is the primary judge as to whether the time allowed is reasonable" and "may determine the proper limitation period" within its sound discretion. *Id.* at 711.

The legislature has limited the time to file a PCR application to three years unless the applicant asserts "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3. White had a remedy—the filing of a PCR application within three years of his conviction to challenge the conviction. Although White did timely file his original PCR application, he later moved to dismiss the action. By failing to maintain his original PCR action, he effectively waived his right to now challenge his conviction. *See Davis*, 443 N.W.2d at 709.

The PCR court did not err in granting the State's motion for summary dismissal and denying White's second PCR application because the application was filed beyond the three-year statute of limitations and raised no ground of law that could not have otherwise been raised within that three-year period. Because his claims are time-barred, we do not further address his other asserted claims. Accordingly, we affirm the PCR court's order granting of summary dismissal in favor of the State and denying White's PCR application.

**AFFIRMED.**

Vaitheswaran, J., concurs; Danilson, C.J., concurs specially.

**DANILSON, C.J.** (concurring specially)

I specially concur to add to this difficult resolution.

I acknowledge White's intriguing argument that he was illegally sentenced and prosecuted for murder when the alleged offense was committed while he was thirteen years old. But as the majority noted, White challenged the waiver from juvenile court to district court on this very issue, his resistance was denied, and his request for discretionary review by the supreme court was denied.

Further, "irregularities in a waiver proceeding are impediments to the district court's authority that (1) do not deprive the district court of subject matter jurisdiction over criminal proceedings involving the juvenile and (2) can be waived if the juvenile pleads guilty." *State v. Yodprasit*, 564 N.W.2d 383, 387 (Iowa 1997); *see also State v. Emery*, 636 N.W.2d 116, 121–23 (Iowa 2001). Here, the ability to challenge the waiver proceedings was waived by White's entry of his guilty plea.

White subsequently failed to appeal and dismissed his initial postconviction-relief action. If any relief was possible, it may now be moot since he has discharged his sentence. *State v. Kurtz*, No. 13–0715, 2014 WL 958033, at *4 (Iowa Ct. App. Mar. 12, 2014). I agree with the majority that White's present postconviction-relief action is untimely. Any relief that may be afforded to him on his "motion to dismiss illegal sentence" due to the collateral consequences appears suspect at best because only the sentence could be vacated by such a motion. *See Kurtz v. State*, 854 N.W.2d 474, 479 (Iowa Ct. App. 2014) (setting aside an illegal sentence does not render the conviction

invalid); *see also Kurtz*, 2014 WL 958033 at *4 (collateral consequences arise from the conviction not the sentence).

Perhaps where, as here, it is not possible to impose a legal sentence, the sentence could be adjudged illegal and the conviction be deemed void. However, our supreme court has not authorized such a remedy in the past. *State v. Lyle*, 854 N.W.2d 378, 403 (Iowa 2014) (where an illegal sentence is imposed, the remedy is to resentence). We must abide by this precedent. *See State v. Miller*, N.W.2d 841 N.W.2d 583, 584 n.1 (Iowa 2014); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

Accordingly I must concur in the majority's resolution.