# IN THE COURT OF APPEALS OF IOWA

No. 15-0233
Filed April 27, 2016

**ANDREW PAUL JACKSON JR.,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Polk County, D. J. Stovall, Judge.


　　　Andrew Paul Jackson Jr. appeals from an adverse summary judgment ruling of his second application for postconviction relief. **AFFIRMED.**



　　　Amanda M. Demichelis of Demichelis Law Firm P.C., Chariton, for appellant.

　　　Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.



　　　Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Andrew Paul Jackson Jr. appeals from an adverse summary judgment ruling dismissing his second application for postconviction relief (PCR) in which he challenges his 2000 convictions for first-degree robbery, first-degree burglary, and second-degree kidnapping.

"Generally, postconviction relief proceedings are reviewed for correction of errors at law." *Reilly v. Iowa Dist. Ct.*, 783 N.W.2d 490, 493 (Iowa 2010). We review constitutional claims de novo. *See id.*

The background facts have been adequately set out in previous appeals. *See Jackson v. State*, No. 04-0880, 2006 WL 1229999, at *1-2 (Iowa Ct. App. Apr. 26, 2006); *State v. Jackson*, No. 01-0925, 2002 WL 31308139, at *1 (Iowa Ct. App. Oct. 16, 2002). Suffice it to say that Jackson's convictions were final when procedendo issued in 2002, and his prior claims of ineffective assistance of counsel were rejected in 2006.[1]

In this application, filed in 2014, Jackson raised the complaint that defects in the trial information deprived the criminal court of subject matter jurisdiction. His application contained quoted language from the trial information filed. Jackson, however, requested copies of the criminal charging document, the minutes of testimony, the jury instructions, and prior court of appeals decisions in his case. The district court passed this request on to appointed counsel on

---

[1] In his first PCR application, Jackson asserted trial counsel had been deficient in failing to (1) file a motion to suppress a victim's identification in a photo array, (2) depose the State's witnesses, (3) subpoena alibi witnesses and present an alibi defense, and (4) secure an expert witness on the reliability of eyewitness identification. *See Jackson*, 2006 WL 1229999, at *3-4. On appeal from an adverse ruling, he also asserted PCR counsel was ineffective "in failing to properly investigate, plead, and prove certain claims raised in the pro se application for postconviction relief." *Id.* at *5.

January 15, 2015.  The State filed a motion for summary judgment and dismissal.
Jackson's counsel sought an extension of time in order to amend the application
in unspecified ways after having talked to Jackson.  Two days later, the district
court conducted an unreported hearing and dismissed Jackson's application,
ruling the issue of subject matter jurisdiction raised in his pro se petition was
waived by not raising the issue while his criminal case was pending and that the
claim was made outside of the statute of limitations under Iowa Code section
822.3 (2013).[2]

Jackson appeals, contending subject matter jurisdiction may be raised at
any time, and the district court abused its discretion in not granting an extension
of time so Jackson could "fully develop" his case.  He asserts, "Additional time
would have allowed Jackson to identify the relevant issues and disputes of fact."
He also argues PCR counsel was ineffective, stating:

> PCR counsel does not appear from the available record to have
> objected to any assertion of fact for the record for the hearing on
> the Motion for Summary Judgment and Dismissal.  This includes
> the assertion that Jackson had previously asserted a subject matter
> jurisdiction argument in his prior PCR, the accuracy of which was
> easily verifiable upon reasonable investigation.
> . . .  By failing to request the hearing be reported, PCR
> counsel left many aspects of the hearing and the basis for the
> District Court's order without proper explanation, possibly hindering
> Jackson's ability to identify bases for appeal.

Jackson believes there are issues that could have been raised regarding the
appropriateness of the jury instructions and whether the verdict was properly
supported.

---

[2] Jackson also contends the district court must give notice if it intends to dismiss the
case on its own initiative, but here, the State filed a motion for summary judgment, and
Jackson concedes the motion was granted after a contested hearing.

Iowa Code section 822.3 requires all PCR applications be filed within three years from the date of the conviction or final decision, or in the event of an appeal, three years from when procedendo issued, unless the applicant establishes "a ground of fact or law that could not have been raised within the applicable time period." *See, e.g.*, *Phuoc Thanh Nguyen v. State*, 829 N.W.2d 183, 187 (Iowa 2013) (holding the applicant could not have argued a ruling should apply retroactively until the ruling was entered).

As for the subject-matter-jurisdiction claim, while we reject the district court's statement that a claim of subject matter jurisdiction can be barred by the three-year time limit, *see State v. Oetken*, 613 N.W.2d 679, 686 (Iowa 2000), on appeal, Jackson does not argue the criminal trial court lacked subject matter jurisdiction. And our review of his application indicates his claim is that the charging documents were defective. As our supreme court has stated recently:

> [T]he trial information in this case adequately described the proceeding as a criminal case, which is the type of case the district court has jurisdiction to hear and decide. *See State v. Yodprasit*, 564 N.W.2d 383, 386 (Iowa 1997) (citing Iowa Constitution art. V, § 6); *State v. Mandicino*, 509 N.W.2d 481, 482–83 (Iowa 1993). [The applicant] impliedly acknowledged the criminal nature of the proceeding and the charges against him by failing to challenge any deficiency or uncertainty in the charges prior to trial. *See State v. Davis*, 581 N.W.2d 614, 616 (Iowa 1998) (citing Iowa R. Crim. P. [2.11(2)(b)]) (recognizing complaints over the sufficiency of charges need to be raised prior to trial); *State v. Hobson*, 284 N.W.2d 239, 241 (Iowa 1979) (same). The district court had subject matter jurisdiction.

*State v. Ambrose*, 861 N.W.2d 550, 561 (Iowa 2015); *see also* Iowa Code § 602.6101 (1999) (stating the district court has jurisdiction of criminal actions and proceedings). This type of claim *cannot* be raised at any time because it is not one of subject matter jurisdiction. *See Armstrong v. State*, No. 13-1930,

2015 WL 3884170, at *3 (Iowa Ct. App. June 24, 2015) ("We conclude the district court was not lacking subject matter jurisdiction in Armstrong's criminal case. We consequently determine Armstrong's postconviction-relief proceedings could be dismissed as untimely."); *Mandicino*, 509 N.W.2d at 483 ("[W]here subject matter jurisdiction exists, an impediment to a court's *authority* can be obviated by consent, waiver or estoppel."). Because Jackson did not raise any complaint to the charging documents prior to trial, he is unable to raise this complaint in this PCR proceeding absent ineffective assistance of counsel. But, unfortunately, Jackson's petition was untimely filed, and there is no need to further evaluate Jackson's claims of ineffective assistance of counsel.

We find no abuse of discretion in the district court denying Jackson additional time to explore issues related to jury instructions, sufficiency of the evidence, and trial counsel's ineffectiveness because those claims could have been raised in his previous PCR application and are now barred under section 822.8.[3] We therefore affirm.

**AFFIRMED.**

---

[3] Section 822.8 provides:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.