# IN THE COURT OF APPEALS OF IOWA

No. 19-1725
Filed April 14, 2021

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JANYA HILL,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof (waiver hearing), District Associate Judge, and Henry W. Latham II (guilty plea) and Tamra Roberts (sentencing), Judges.

A defendant appeals the judgment and sentence imposed after pleading guilty to first-degree theft and operating a motor vehicle without the owner's consent. **AFFIRMED.**

G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Janya Hill challenges her waiver to adult court on equal protection grounds. She contends a lack of resources for Iowa girls who are adjudicated delinquent forced the juvenile court's hand. Despite the constitutional right at stake, Hill's guilty plea precludes our consideration of her claim for two reasons. First, Hill did not brief the issue of "good cause" under Iowa Code section 814.6(1)(a)(3) (2020) as directed by the supreme court. Thus she has not shown a legally sufficient reason to appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (2020). Second, even if she had shown good cause, her guilty plea waived any challenge to her transfer to adult court under *State v. Yodprasit*, 564 N.W.2d 383, 385 (Iowa 1997). For those reasons, we must affirm.

When Hill was fifteen years old, the State filed two delinquency petitions alleging she committed four delinquent acts: (1) exercising dominion or control of a firearm; (2) theft in the first degree; (3) interference with official acts; and (4) operating a motor vehicle without the owner's consent. To prosecute Hill as an adult, the State asked the juvenile court to waive jurisdiction in both delinquency cases. *See* Iowa Code § 232.45 (2019). After a contested hearing, the court granted the State's motion. In its written waiver order, the court noted, "Hill has received all services currently available to a female delinquent child in Iowa." Finding those rehabilitative efforts were ineffective, the court decided that a transfer to adult criminal court served the best interests of both Hill and the community.

The State then charged Hill with all four crimes in two criminal cases.[1]  In August 2019, Hill pleaded guilty to first-degree theft, a class "C" felony, in violation of Iowa Code section 714.2(1), and operating a motor vehicle without the owner's consent, an aggravated misdemeanor, in violation of Iowa Code section 714.7.  In exchange, the State agreed to dismiss the other charges and to recommend supervised probation and consecutive sentences for those two convictions.

At the October 2019 sentencing hearing, the district court imposed a ten-year prison term for the theft charge and a two-year term for the motor vehicle charge, to be served consecutively, as well as $1625 in fines.  The court suspended both sentences and placed Hill on probation for five years under the supervision of the Seventh Judicial District Department of Correctional Services.  In doing so, the court considered Hill's age, her family history, her criminal record (which the court described as "shockingly long for [Hill's] age"), and the nature of the offenses.  Hill now challenges the court's "acceptance of [her] guilty plea, followed by judgment and sentence."[2]

In this direct appeal, Hill claims her sentence was illegal because she should not have been waived to adult criminal court in the first place.  She argues

---

[1] In the first case, FECR401593, Hill entered a plea of not guilty to the charges of theft, unlawful possession of a firearm, and interference with official acts.  She later withdrew her plea after plea negotiations took place in the second case, AGCR401595, for operating a motor vehicle without the owner's consent.
[2] Hill first applied for permission to appeal with the supreme court, asserting she had good cause to challenge her judgment and sentence in both criminal cases.  Without deciding the issue, the court submitted Hill's application with this appeal and directed her appellate counsel to "brief the issue of whether good cause exists under Iowa Code section 814.6(1)(a)(3)."  Counsel did not do so.

that waiver of juvenile court jurisdiction was unconstitutional—given the court's reliance on what facilities and programs were available for her rehabilitation under Iowa Code section 232.45(8)(c). She contends it is "well-known that there is a disparity in the Iowa juvenile facilities available to males and females."[3] In other words, Hill contends waiver under the statute "is inherently discriminatory on the basis of sex" because the State no longer provides a highly secured, supervised alternative to prison for female juvenile offenders, though one exists for their male counterparts.

Bypassing those substantive claims, the State counters that Hill has no right to appeal because she failed to establish "good cause" in briefing. *See* Iowa Code § 814.6(1)(a)(3). Based on her omission, the State insists Hill waived the good-cause issue. Moreover, the State rejects Hill's framing of the broader issue, asserting her constitutional attack on section 232.45 "is not a true challenge to an illegal sentence." We agree with both points.

The Iowa legislature amended Iowa Code section 814.6, effective July 1, 2019, to prohibit defendants from challenging their convictions after pleading guilty on direct appeal (other than class "A" felonies) without first establishing good cause. *See Damme*, 944 N.W.2d at 103–04. Hill acknowledged this hurdle when

---

[3] Hill cites two news articles in support of this proposition: Trish Mehaffey, *Where to Put a Violent 16-year-old Girl? Iowa Juvenile Officers Struggle with 'Real Consequence' of Girls Training School Closing*, Gazette (Aug. 3, 2017), https://www.thegazette.com/subject/news/public-safety/where-to-put-a-violent-16-year-old-girl-20170803, and Clark Kauffman, *Iowa Juvenile Home's Closure Creates Gender Disparity*, Des Moines Reg. (July 19, 2014), https://www.desmoinesregister.com/story/news/investigations/2014/07/20/iowa-juvenile-home-closure-creates-gender-disparity/12904839.

she asked for permission to appeal. Yet Hill ignored the supreme court's directive to brief good cause. She offers no reason nor cites any authority suggesting she meets the good-cause requirement. *See id.* at 104 (noting burden is on the defendant to establish good cause to appeal a conviction following a guilty plea).

Instead, she asserts, "Error preservation is not an issue when the appeal is from an illegal sentence." True, good cause would exist if Hill were challenging her sentence rather than her guilty plea and the resulting convictions. *See id.* at 105. But her claims do not relate to the sentencing court's decision. Rather, Hill asks us to "overturn her conviction and order return of these cases to juvenile court." Her failure to address good cause in her appellant's brief prevents us from reaching the merits of her constitutional claim.[4] *See* Iowa R. App. P.6.903(2)(g)(3).

Beyond her failure to show good cause, the State contends Hill waived her constitutional challenge to the juvenile court's waiver ruling by pleading guilty to the charges in adult court. *See Yodprasit*, 564 N.W.2d at 385. We agree. Even if the transfer from juvenile court were improper, a guilty plea waives any defects in the district court's authority. *Id.* at 387; *see also State v. Emery*, 636 N.W.2d 116, 123 (Iowa 2001).

---

[4] The State notes that "good cause" is limited to "extraordinary legal challenges that cannot be heard elsewhere." According to the State, Hill's case does not fall into that category because she may challenge her guilty plea in an action for postconviction relief.

To recap, we cannot reach the merits of Hill's claim for two reasons: (1) she has not shown good cause to appeal and (2) her guilty plea waived any irregularities in the transfer decision. We thus affirm her convictions.

**AFFIRMED.**